## ESTHER LOFTUS, Appellant, v. METROPOLITAN STREET RAILWAY COMPANY.

In Banc, May 22, 1909.

1. **NEGLIGENCE: Collision: Instruction: "Experienced Men."** The court did not err, in a suit for damages for personal injuries to a passenger resulting from a collision between street cars, in instructing the jury that the obligation from defendant to the injured passenger "was to use the highest practicable degree of care of very prudent, skillful and experienced men engaged in that kind of business, to carry her safely." A practical railroad operative must be one of experience in that line, and the instruction properly used the words "experienced men."

2. **ONE NEW TRIAL: Judicial Discretion: In Light of Facts of Case.** In a broad sense, the granting of a new trial, especially one new trial, rests in the sound discretion of the trial court, and this discretion, like all other judicial discretion, should not be disturbed when properly exercised. But there is no discretion as to the law of a case; and where the trial judge grants a new trial because of supposed error in an instruction given but in fact not error, his act in granting a new trial for that reason alone cannot be said to have been the exercise of a sound judicial discretion.

3. **EXCESSIVE VERDICT: $7,595.** Plaintiff, a passenger, was injured by a collision between street cars. The large bone of the left leg between the knee and ankle was broken, an oblique fracture; her back was sprained and bruised; her right side and hip were bruised; the right foot and leg were bruised, principally between the knee and ankle; she was in the hospital for eleven weeks, and used crutches for over four months longer; the injury to the hip is not classed as permanent, nor are the sundry bruises; after the injury she appeared to be troubled with nervousness, which is "apt to be permanent." She had prior to the injury earned $5.50 per week, as a clerk in a dry goods store. Held, that a verdict for $7,595 is not so excessive as to have authorized the trial court to give a new trial, and there being no other error in the case, the order of the court granting a new trial because of supposed error in an instruction is reversed, and the cause is remanded with directions to reinstate the judgment as originally entered.

4. **NEGLIGENCE: Passenger: Collision: General or Special Charge: Instruction.** A petition whose only charge of negligence is that "at a point commonly known as the Twelfth street incline, the defendant carelessly and negligently caused and permitted the train on which plaintiff was a passenger to come into violent collision with another of defendant's trains; that said collision was occasioned without any fault on the part of plaintiff, but by reason of the negligence as aforesaid of defendant; that said cars collided with great force and violence, wrecking both trains of defendant, in which collision and wreck plaintiff was injured as follows," etc., charges general and not specific negligence; and the doctrine of *res ipsa loquitur* applies, and an instruction placing the burden on defendant to show that the collision could not have been avoided by the highest degree of care was properly given.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

REVERSED AND REMANDED (*with directions*).

*McCune, Harding, Brown & Murphy* for appellant.

(1) This court has a superintending power over inferior courts and the final responsibility to see that justice is properly administered rests here, but this court should never interfere except "when the verdict and judgment are manifestly wrong, or shock a judicial sense of right." Taylor v. Railroad, 185 Mo. 260. It is primarily the duty of the jury to fix the amount of damages in this case. There is and can be no scale of measurement. It admits of no test save the intelligence and good faith of the jury. To the jury, therefore, as a favorite and almost sacred tribunal, is committed the exclusive task of examining the facts and circumstances, valuing the injury and awarding the damages, and the law that confers on them this power and exacts of them the performance of this solemn trust favors the presumption that they are acting honestly and wisely. And the courts will not interfere until the verdict so loudly proclaims prejudice and passion as to leave no doubtful conviction on that point. Hollenbeck v. Railroad, 141 Mo. 112; Markey v. Railroad, 185 Mo. 364; Dammann v. St. Louis, 152 Mo. 186; Minter v. Bradstreet, 174 Mo. 504. The jury saw the plaintiff, they witnessed her nervous condition, they heard the evidence and made an unanimous finding. The record betrays no word or act to excite the passions of the jury. Defendant makes no such claim. On the contrary, the record shows that the plaintiff's deformities were not exhibited to the jury, nor even the character of shoe plaintiff was compelled to wear. (2) The court erred in sustaining defendant's motion for new trial. The only reason assigned by the court was for giving instruction 1 for plaintiff. This instruction was properly given by the court and it was error to grant a new trial. Cassady v. Railroad (Mass.), 32 Am. and Eng. Ry. Cas. 666; Redmon

v. Railroad, 185 Mo. 11; Wilbur v. Railroad, 110 Mo.
App. 694; Clark v. Railroad, 127 Mo. 208; Lemon v.
Chanslor, 68 Mo. 355; Choquette v. Railroad, 80 Mo.
520; Magrane v. Railroad, 183 Mo. 119; Hipsley v.
Railroad, 88 Mo. 348; Allen v. Railroad, 183 Mo. 411;
Coudy v. Railroad, 85 Mo. 85; Ochs v. Railroad, 130
Mo. 51; Malloy v. Railroad, 173 Mo. 75; Robinson v.
Railroad, 103 Mo. App. 115; Tateman v. Railroad, 96
Mo. App. 453; Rattan v. Railroad, 120 Mo. App. 270;
Hamilton v. Railroad, 114 Mo. App. 509; Roscoe v.
Railroad, 202 Mo. 576; Orcutt v. Century Building Co.,
112 S. W. 532.

*John H. Lucas, Frank G. Johnson* and *Ben F.
White* for respondent.

(1)   The question is, will this court affirm or re-
verse the action of the trial court in granting to the
defendant one new trial? This is one of those cases
where the trial court, sitting in review of its own ac-
tion, takes up the question as to whether, on the whole
case, the losing party has had a fair trial, in accord-
ance with well-settled principles of law, and has de-
cided that the defendant did not, and has granted it a
new trial. This court, in two recent decisions, and
through two different judges, has declared the law on
this point in such few words and so clearly that noth-
ing we can say will probably assist the court in any
way. Rodan v. Railroad, 207 Mo. 406; Seeger v. Sil-
ver Co., 193 Mo. 407. Did the court in this case abuse
its discretion in granting to this defendant a new
trial? Or is it such a case that if the verdict had been
for the defendant it could not have stood? We think
clearly not. The action of the trial court in granting
a new trial should be affirmed for at least three rea-
sons:   (a)   The ground alleged by the court as its
reason for granting the new trial is a good one, and
fully justified its action.   (b)   A new trial should have

been granted because on the whole case the verdict should have been for the defendant, unless the law be that a common carrier of passengers is an insurer of the lives and persons of those whom it conveys, and which it is not. (c) The action of the court in granting the new trial was neither arbitrary nor an abuse of discretion; and if the verdict had been for the defendant it would have been abundantly sustained by the evidence. (2) On the hearing of the motion for a new trial the court was convinced that it had erred in the giving of plaintiff's instruction 1P. The words "and experienced" appear in the instruction as given by the court. This instruction as given imposes the duty on the defendant to employ none but "experienced" men in its business, which is a duty not imposed by law. What is an "experienced man?" How long must he have worked to be experienced? A week? A month? A year? Ten years? But if a man is both prudent and skillful in the railway business, why should he also have had experience? Does the law impose the duty of employing none but "experienced" men by a railroad company? If it does, what is a railroad company to do when the present supply of experienced men is exhausted? One man may be prudent and skillful with but little experience, while another may be careless on account of the very fact that he has long been in the business. This is but an illustration of one of the traits of human conduct, the test is, was he skillful and prudent?

## IN BANC.

PER CURIAM.—All of the opinion of GRAVES, J., in division, is adopted as the views of the court, except the result and those views expressed in paragraph three thereof, wherein it is held that the verdict is so excessive as to authorize an affirmance of the judgment on that ground. The majority of the court is not

of opinion that the size of the verdict is such as to authorize the affirmance of the judgment, *nisi*. The court is of the further opinion that there is no real conflict between this case and the Davidson case mentioned in the divisional opinion, and have this day expressed more fully their views upon this question in a *per curiam* opinion in the case of Price v. Metropolitan Street Ry. Co., reported at page 435 of this Report. A majority of the court, GRAVES, J., not assenting, is of the opinion that the amount of the verdict is not such as to authorize the action of the lower court in sustaining the motion for a new trial, and there being no other error in the record, the cause should be reversed and remanded with directions to reinstate plaintiff's judgment of the date as originally entered. It is so ordered. GRAVES, J., adheres to the views of paragraph three as originally expressed; VALLIANT, C. J., absent.

## IN DIVISION ONE.

GRAVES, J.—This is a companion case to the case of Elizabeth Price v. Metropolitan Street Railway Company, decided at this term and reported at page 435 of this Report. Both cases grew out of the same accident and both were tried before the same judge in the court *nisi*. As to the accident and the causes or want of cause, the evidence of the two cases is along the same lines, many of the same witnesses being used, and their testimony is substantially to the same effect in each case. This case should be read with the other for a detail of the facts.

Plaintiff was working for the firm of Emery, Bird & Thayer in Kansas City, Mo., although she lived in Kansas City, Kansas. She boarded a street car at Grandview in Kansas City, Kansas, and then transferred and got on the front end of the trailer or coach on the Twelfth Street train going east from Mulberry

street, which train was wrecked as fully stated in the companion case. This plaintiff was standing up in the front end of the coach or trailer and was seriously injured.

The order of her testimony was such as we find in the other case, that is to say, the plaintiff was not content with showing the collision, the attendant circumstances and her consequent injuries, and the relationship of passenger and carrier, but proceeded, in chief, to introduce other evidence.

She sued for $15,000, and the cause being submitted to the jury a verdict in her favor for the sum of $7,595 was returned by the jury.

The negligence charged in the petition is thus stated: "And at a point commonly known as the Twelfth Street incline, the defendant carelessly and negligently caused and permitted the train on which plaintiff was riding as a passenger, to come in violent collision with another train of defendant's, such other train being on said Twelfth Street and on said incline as aforesaid. That said collision was occasioned without any fault on the part of plaintiff, but by reason of the negligence as aforesaid of the defendant. That said cars collided with great force and violence, wrecking both trains of defendant, in which collision and wreck plaintiff was injured as follows:" etc.

Defendant's answer was a general denial. After verdict was returned the defendant filed its motions for new trial and in arrest of judgment, which motions were by the court sustained by an order of record in this language: "Now on this day it is ordered by the court that the motion for a new trial and motion in arrest of judgment be and the same are hereby sustained because the court erred in giving instruction 'No. One P.' to which the plaintiff excepts."

Said instruction One P reads thus: "The court instructs the jury that if you believe from the evidence that the plaintiff was a passenger upon a train of de-

fendant at the time she claims to have been injured, then the due obligation of the defendant to plaintiff was to use the highest practicable degree of care of very prudent, skillful and experienced men engaged in that kind of business, to carry her safely, and a failure of the defendant (if you believe there was a failure), to use such highest degree of care would constitute negligence on its part; and defendant would be responsible for all injuries resulting to plaintiff, if any, from such negligence, if any. And if you believe from the evidence that there was a collision between two trains of defendant on one of which plaintiff was a passenger (if you believe she was a passenger thereon) the burden of proof is cast upon the defendant to establish that there was no negligence on its part; and that the injury, if any, was occasioned by inevitable accident, or by some cause which such highest degree of care could not have avoided, and if defendant has not shown that there was no negligence on its part, or that the injury was occasioned by inevitable accident, or by a cause that said highest degree of care could not have avoided, you will find for plaintiff, provided she was injured in said collision.''

Much evidence, medical and lay, was introduced as to the character of plaintiff's injuries, as also there was evidence as to the condition of her health prior and subsequent to the accident. So, too, there was evidence of her earnings at date of injury. In this case there was for the defendant the additional evidence of the train crew on the train going up the incline, which collided with the one coming backward down the incline. Their testimony was to the effect that the appliances, rope and other things were in proper condition, and that the trains ran two and one-half minutes apart at the time.

This sufficiently states this case when it is taken and read with the Price case, supra. Points made will be noted in the opinion.

I.  In this case as in the case of Price v. Metropolitan Street Railway Co., supra, the defendant attacks the propriety of giving instruction No. 1P.  The instruction is identical with the one given in the Price case, and what we have said therein is applicable here.  The defendant goes one step further with the contention here, and charges that the use of the words "and experienced" renders the instruction bad.  Defendant seems to have impressed the learned trial judge with the alleged error in this instruction, in this case, although unable to so impress him in the Price case.

The use of the words "and experienced" did not render this instruction faulty.  [Magrane v. Railroad, 183 Mo. l. c. 128; Heyde v. Railroad, 102 Mo. App. l. c. 541.]

In the Magrane case, supra, VALLIANT, J., in speaking of the degree of care required of a carrier toward its passengers, says:  "It is a very high. degree of care, but not the utmost care that human imagination can conceive.  It is the highest degree of care that can reasonably be expected of prudent, skillful and experienced men engaged in that kind of business.  The term 'as far as is capable by human care and foresight' in this connection is liable to be misconstrued by a jury as meaning care to the utmost limit imaginable, that is, care without limit, whereas the highest degree of care practicable among prudent and skillful men in that business is all that can reasonably be expected of any men and it is all that the law demands."

In the latter case, GOODE, J., said:  "The court gave an instruction that if the jury found the agents, servants and employees of the defendant in control of the car on which plaintiff was a passenger, or of the track on which said car was running, or at the switch at the place where the derailment occurred, and could have prevented said derailment and collision by the exercise of the very high degree of care and foresight

of skillful, careful and practical railroad operatives under the same or similar circumstances; then the plaintiff was entitled to recover. That instruction states the law with reference to the care defendant was bound to exercise to prevent an injury to the plaintiff, and is couched in approved language. [Furnish v. Railroad, 102 Mo. 438; O'Connell v. Railroad, 106 Mo. 482; Willmott v. Railroad, 106 Mo. 535; Jackson v. Railroad, 118 Mo. 199; Hite v. Railroad, 130 Mo. 132; Sullivan v. Railroad, 133 Mo. 1; Feary v. Railroad, 162 Mo. 1. c. 100; Parker v. Railroad, 69 Mo. App. 54; Freeman v. Railroad, 95 Mo. App. 1. c. 99.]"

There is no difference between "practical railroad operatives" and "skillful and experienced men." A practical railroad operative must be one of experience in that line. The instruction complained of follows the verbiage of the opinion in the Magrane case, and is fully sustained by that and the Heyde case, as well as by other opinions of this court cited in the Heyde case. The trial court was in error in sustaining the motion for new trial on this ground.

II. The further contention is made that this court should not disturb the discretion exercised by the trial court in granting the new trial. In other words, that the granting of a new trial rests within the sound discretion of the trial court. In the broad sense, the granting of a new trial does rest within the sound discretion of the trial judge, and this discretion, like all judical discretions, should not be disturbed when properly exercised. We are cited to the recent cases of Rodan v. Railroad, 207 Mo. 1. c. 406, and Seeger v. Silver Co., 193 Mo. 1. c. 407, as stating correct rules upon the question.

In the latter case, Judge Marshall said: "The rule is now well settled in this State that this court will not reverse the action of a trial court in granting one new trial, unless the case is such that no verdict

in favor of the party to whom the new trial is thus granted, could, under any circumstances, be permitted to stand.''

And in the former, Judge LAMM said: ''In the first place, *in limine,* it must be assumed as a commonplace of the law, arising to the level of an axiom, that the granting of a new trial rests within the sound discretion of the trial court; and its action in that behalf will not be disturbed on appeal unless it appears that its discretionary power was abused, *i. e.,* exercised in an arbitrary or improvident manner. [R. S. 1899, sec. 800; and see first note under that section, Ann. Stat. 1906, 761, where the authorities are gathered.]''

These announcements must be taken in the light of the facts of the cases. In the Seeger case the trial court had sustained a demurrer to plaintiff's testimony and thereby forced a nonsuit. Motion was made to set aside the nonsuit and that motion sustained by the court *nisi,* from which order the defendant appealed. Upon such an appeal Judge MARSHALL used the language above quoted. It must be noted that the sole question before the trial court and this court was the sufficiency of the evidence to make a case for plaintiff. At first blush, the trial court thought not, but upon considering the motion to set aside the nonsuit reached a different conclusion. The discretion exercised then was one as to the facts, and not one purely and simply of law. So, too, in the Rodan case. The trial court concluded, upon motion for new trial filed by defendant, that it had erred in giving a certain instruction, which instruction should not have been given in view of certain facts shown in the trial. In other words, the court had instructed the jury that in the absence of evidence that the deceased did not look and listen for an approaching car, then the jury were at liberty to presume that he did look and listen. A witness for plaintiff, and the only eye-witness, had testified in effect that he saw deceased leave the sidewalk

and go on across to the railroad track, paying no attention to the approaching car. Judge LAMM's remarks were induced by this state of affairs. The question before the trial court, and upon which the judicial discretion was exercised, was a mixed question of law and fact. The trial court concluded that in view of the facts testified to by this witness there was positive testimony that deceased did not look or listen before going upon the railroad track, and therefore there was no place for an instruction upon the ground of presumption. So that in this case the discretion was really exercised as to the facts of the case. Both of those cases announce the proper rule in cases where judicial discretion has been exercised as to the facts and the weighing of the evidence as to the facts. In such cases we will not disturb such discretion in a case wherein there is sufficient evidence to sustain a verdict in favor of the party for whom such discretion has been exercised. But these cases are not this case. Upon the facts of the case at bar a verdict for either party could be sustained, but the discretion of the trial judge was not directed to the facts, so far as the question now before us is concerned. He was passing judgment upon a clear question of law, and we have concluded that his judgment on that question was erroneous. When the judicial act is directed solely to a question of law and the act is erroneous, it does not fall within the rule of the exercise of sound judicial discretion. There is no discretion as to the law of a case. Nor can there be an exercise of a sound discretion as to the law of a case. So that when we speak of the granting of a new trial being within the sound discretion of the trial judge, we have no reference to a case where the new trial is granted solely upon the ground that the law has been erroneously given, when in fact it has been properly given.

III.   Whilst we cannot say that the trial court properly sustained the motion for new trial upon the ground stated by the court, yet we have always held that if the motion for new trial could be properly sustained upon other grounds, we will not disturb the action of the trial court.   In this case the motion for new trial attacks the verdict as being excessive.   Plaintiff was earning $5.50 per week at date of accident.   In the accident she received the following injuries, viz.: the large bone of the left leg between the knee and ankle was broken, an oblique fracture; she had a sprain and bruises in her back; her right side and hip were bruised; the right foot and leg were bruised, principally between the knee and ankle.   Such were the injuries described by Dr. Leonard.   After the injury she appeared to be troubled with nervousness which is "apt to be permanent."   The left leg was shortened about an inch, although it is not fully explained just how that could be with one solid bone left therein. The injury to the hip is not classed as permanent, nor are the sundry bruises mentioned.   She was eleven weeks in the hospital and used crutches until the June following the accident on November 4th.   The testimony of the two medical experts is not such as to justify a verdict for the sum obtained in our judgment. So that whilst we think there is ample evidence to support a verdict for the plaintiff, and the law was properly declared in the case, so far as she was concerned, yet the motion for a new trial was properly sustained on the ground of an excessive verdict and the action of the trial court should be and is affirmed.

IV.   In this case, as in the Price case, it is strenuously urged that the petition pleads specific negligence and not general negligence.   Of course, if this be true, the instruction given for plaintiff on the theory of *res ipsa loquitur* would be erroneous.   We are cited to Davidson v. Railroad, 211 Mo. 320, as sustaining this

contention, and as pointed out in the price case, there is a conflict between the views we entertain and those expressed upon that point in the Davidson case, *supra*. For that reason we will affirm the judgment, but transfer the cause to the court In Banc for further consideration. Cause is transferred to Court In Banc. *Valliant, J.*, however, is not of the opinion that this case conflicts with the Davidson case.