SAM SNEAD SCHOOL OF GOLF, Respondent-Plaintiff,

v.

ANCHOR CASUALTY COMPANY, Appellant-Defendant.

No. 50521.

Supreme Court of Missouri,

Division No. 1.

Jan. 11, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied Feb. 8, 1965.

Donald W. Johnson, Arthur C. Popham, Sr., Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for respondent.

Glenn E. McCann, William R. Fish, Lowell L. Knipmeyer, Kansas City, Knipmeyer, McCann & Millett, Kansas City, of counsel, for appellant.

HENLEY, Judge.

This is an action on a Business Interruption Insurance Policy praying for damages of $37,750 allegedly suffered by plaintiff as a result of the interruption of its business caused by fire. Plaintiff also prays for damages of $3,775 as penalty and $7,500 as attorney fees for alleged vexatious refusal by defendant to pay. The case was tried before a jury on plaintiff's second amended petition, and defendant's general denial and an affirmative defense that after the alleged loss plaintiff breached the provisions of the policy (1) by falsely and fraudulently swearing to material facts and circumstances in a proof of loss delivered to defendant and (2) by subsequently falsely and fraudulently swearing to material facts and circumstances pertaining to its alleged loss on oral examination of its president. Trial resulted in a verdict for the defendant. Plaintiff's motion for new trial was sustained and defendant appeals. This court has jurisdiction, the amount in dispute exclusive of costs exceeding $15,000. Article V, § 3, Constitution of Missouri, V.A.M.S.

At the outset we are met with and will rule upon motions of the respective par-

ties filed in this court subsequent to argument and submission of the case here. On submission date, September 25, 1964, defendant asked and was granted leave to file and filed a reply brief. On October 15 plaintiff filed a printed motion that the court set aside its order granting defendant leave to file a reply brief and to strike that brief from the record. Plaintiff's motion to strike complains of alleged new matter and points raised in defendant's reply brief and then proceeds to brief and answer those points. Defendant then filed a motion to strike the so-called brief of plaintiff contained within its mentioned motion. The result reached in this opinion will indicate that it was not necessary that we treat with the points and counterpoints made in the briefs objected to, or the other points made in appellant's brief and respondent's answer brief, the one controlling point on which the case is decided being briefed only in defendant-appellant's initial brief and plaintiff-respondent's answer brief. The respective motions to strike are, however, for the record, overruled.

The trial court's order sustaining plaintiff's motion for new trial was:

"1. This Court committed error under all of the facts in this case in refusing Instruction Number 4 offered by the plaintiff.

"2. This Court committed error in giving Instruction Number 5, given at the request of the Defendant.

"3. This Court committed error in giving Instruction Number 16. This instruction was offered and given on behalf of the defendant."

█ Being disposed, as the reviewing court should be, to uphold the order of the trial court granting a new trial where the order involves the exercise of judicial discretion, we look first to the court's action sustaining the motion for its assigned ground that it had erred in refusing to give Instruction No. 4. Resolution of this point will only rightly exclude consideration of the other points raised.

The business of plaintiff was begun in Kansas City, Missouri, in January, 1959, by James O. Riccardi, as sole proprietor. A franchise was purchased to operate under the name of a famous golf professional and in May, 1959, the business was incorporated and known as Sam Snead School of Golf, Inc., Riccardi being its president. Plaintiff's business was selling golf lessons to those desiring to learn and those knowing but desiring to improve their golf games through instructors employed by plaintiff. In connection with selling golf lessons it also sold at retail the golfer's usual equipment from its sporting goods shop. The business was located in a large frame building containing six or seven thousand square feet which had been adapted by plaintiff to its uses as a retail sporting goods shop and for indoor instruction of its customers.

On October 13, 1959, plaintiff purchased from defendant an insurance policy insuring it against the actual loss sustained by it resulting from the interruption of its business caused by the damage or destruction by fire of the building wherein its business was located. On October 28 an explosion and fire occurred destroying this building and interrupting plaintiff's business. In early February, 1960, plaintiff submitted its proof of loss to defendant, sworn to by its president. Later plaintiff's president submitted to oral examination under oath. In April the defendant by letter delivered to plaintiff's attorney returned the proof of loss stating: " * * * We are denying this claim as presented due to the fact that it does not appear from the insured's presentation of loss that it properly reflects the loss incurred." No further proof of loss was submitted by plaintiff and so far as we have been able to determine from the record there was no further communication between the parties after this letter until suit was filed.

In support of the trial court's action in granting it a new trial for its alleged error in refusing to give Instruction No. 4, plaintiff contends and argues that the testimony

of John O. Winfrey, Chief Inspector of the Kansas City Fire Prevention Bureau, left the implication with the jury that this fire was the result of arson; that "the charge of arson is so conducive of prejudice that, under the circumstances of this record, a limiting or cautionary instruction was entirely proper, and should have been given"; and, that the court was properly exercising its discretion in sustaining the motion for new trial for its failure to give Instruction No. 4. The refused instruction is:

"Statements in the trial to the effect that the circumstances of said fire appeared suspicious or that some sort of liquid was later found there, and any intimations, if any were made or intended, that arson might have occurred, are not issues in this case."

After this witness had testified that his duties, and those of other officers with him the next morning at the scene of this fire, included investigation of suspected arson fires and that they had found a liquid there smelling of gasoline and evidence of an explosion plaintiff objected to such testimony. Its objection was that defendant had not pleaded arson as a defense. This objection came as defendant was examining the witness with reference to photographs of the scene of the fire depicting evidence of an explosion from within the building. The court sustained the objection stating "You can show the pictures to the jury to show the condition, but I am ruling out all testimony as to this man's conclusions as to the cause of the fire." After having announced that it had no objection to the introduction in evidence of the photographs plaintiff at the close of a brief examination of the witness, moved to strike "all of the testimony of this witness as to them smelling something there, * * *, and all of his testimony except the explanation of the pictures," for the reason that suspicion of arson was not and could not be an issue in this case because defendant had denied liability on another exclusive ground. The court overruled the motion to strike stating "I don't think any in-

structions would remove this testimony from the minds of the jury and I am going to overrule you, but I will take care of it—you have no defense of arson that I am going to instruct on." Nowhere in his testimony does the witness state a conclusion, or an opinion, as to the cause of the fire. Even so, the jury could have believed that this witness meant to imply not only that the fire was suspected as having been caused by arson but that it was in fact caused by an explosion produced by arson.

Defendant took the position at the trial, and does so in this court, that because of the issue of vexatious delay introduced by plaintiff this testimony was proper as proof that it had not acted vexatiously in denying the claim but had acted as a reasonable and prudent man would act in the light of the knowledge it had from the investigation of the fire. Plaintiff, in its brief, "frankly concedes that, because of the issue of vexatious delay, it was proper for defendant to prove that an investigation for arson was made."

▮▮▮ Whether to give or refuse Instruction No. 4 was within the sound discretion of the trial court. Nelson v. O'Leary, Mo., 291 S.W.2d 142, 143, 148 [10]; Melton v. St. Louis Public Service Co., 363 Mo. 474, 251 S.W.2d 663 [4]; Stephens v. Kansas City Gas Co., 354 Mo. 835, 191 S.W.2d 601; Songer v. Brittain, Mo.App., 272 S.W.2d 16. In refusing to give the instruction to the jury the court exercised its discretion. The court's order granting plaintiff a new trial recited "this Court committed error under all of the facts in this case in refusing Instruction No. 4 offered by the plaintiff", saying, in effect, that the court should have, in the exercise of its discretion, given this instruction. That part of the order pertaining to Instruction No. 4 only is tantamount to saying the court abused its discretion in refusing to give this instruction. Appellate courts are more liberal in upholding an order granting a new trial than in reversing and remanding a cause especially where, as here,

the order involves the exercise of judicial discretion by the trial court, and this rule is so well settled it is unnecessary this opinion be burdened with citation of authorities in its support. This rule has been applied when the error was in the refusal of the trial court to give cautionary instructions. 5A C.J.S. Appeal and Error § 1623, pages 150–151; Hunton v. California Portland Cement Co., 50 Cal.App.2d 684, 689, 123 P. 2d 947; Oklahoma City v. Tarkington, 178 Okl. 430, 63 P.2d 689. Also see: Morris v. E. I. DuPont De Nemours & Co., 351 Mo. 479, 173 S.W.2d 39, 42–43 [2–8]. The trial judge had the witnesses and jurors before him, heard the arguments of counsel and observed the whole atmosphere and conduct of the trial and is in the best position after trial, to look back thereon and determine whether the effect of Chief Winfrey's testimony was an implication that the fire was a result of arson, whether the jury suspected arson from such possible implication and was influenced thereby to plaintiff's prejudice, and whether by giving Instruction No. 4 the implication would probably have been removed. We do not find, nor have we been shown, wherein the court has clearly abused its discretion in granting a new trial. Accordingly, we defer to that court's ruling and its action will be affirmed.

The order of the trial court is affirmed and the cause is remanded for a new trial.

HYDE, P. J., and HOLMAN, J., concur.

DALTON, J., absent.

## ON MOTION FOR REHEARING OR, IN THE ALTERNATIVE, TO TRANSFER TO THE SUPREME COURT EN BANC

PER CURIAM.

In its motion for rehearing or, in the alternative, to transfer to the court, en banc, the defendant makes the points that the court failed to follow, and that the opinion is in conflict with, controlling decisions of this court holding (1) that whether to give requested instruction No. 4 was within the sound discretion of the trial court, consequently the trial court committed no error in refusing to give the instruction, and therefore could not later grant a new trial for its refusal, (2) whether the court erred in refusing to give the instruction was purely a matter of law, and, (3) " * * * the question [being] one of pure law, the court had no discretion with which to act since a trial court's discretion in granting a new trial extends only to questions of fact."

Defendant agrees that this instruction, referred to in the opinion, is purely a cautionary instruction, and that the giving or refusal of such an instruction rests solely within the sound discretion of the trial court. Having adopted this statement as its foundation defendant proceeds to develop and advance the theory that since the court did not err in refusing to give the instruction it could not later grant a new trial for such refusal because its act of refusing the instruction was directed to determination of a question of law; that since the question of whether the court erred in refusing the instruction "was one of pure law, the court had no discretion with which to act since a trial court's discretion in granting a new trial extends only to questions of fact." Defendant takes an anomalous position, and words in Schipper v. Brashear Truck Co., Mo., 132 S.W.2d 993, 125 A.L.R. 674, have, because taken out of context by defendant, led it astray to its illogical conclusions. In Schipper the trial court refused to give instructions stating abstract principles of law and containing mistakes in the use of the word "plaintiff" where the word "deceased" should have been used, and then granted a new trial because it had refused to give those instructions. Restating principles announced in many cases that the court should not give instructions containing mere abstract statements of law and add-

ing that the court was under no duty to correct, amend or modify an offered incorrect instruction, the court held the instructions were properly refused and the determination to refuse in the form offered was purely a matter of law; that since no error was committed in refusing the instructions in the form submitted, the order granting a new trial therefor was wholly insufficient as a matter of law. Applying itself to and touching upon the mistakes in the use of certain words in the instructions offered in Schipper, supra, 132 S.W.2d 1. c. 997, this court said, "At the time these instructions were offered the trial court did not elect to exercise its discretion and right to correct or amend said instructions and give them in a correct form." At this point the court was simply stating the trial court had the right, and that it would be within its discretion, whether to correct or amend the instructions so that they would be in proper form, and then give them *as corrected*; not that whether the court should have *given* the instructions was discretionary, for the court held, in the same paragraph, that whether the court erred in refusing the instructions in the form offered was purely a matter of law. Quoting a part of Loftus v. Metropolitan Street Railway Co., 220 Mo. 470, 119 S.W. 942, the court said in Schipper, supra, 132 S.W. 2d 1. c. 997, " 'When the judicial act is directed solely to a question of law, and the act is erroneous, it does not fall within the rule of the exercise of sound judicial discretion. There is no discretion as to the law of a case. * * * So that, when we speak of the granting of a new trial being within the sound discretion of the trial judge, we have no reference to a case where the new trial is granted solely upon the ground that the law has been erroneously given, when in fact it has been properly given.' Where the grounds assigned for granting a new trial rests solely on an erroneous view of the law, *and not upon the exercise of judicial discretion*, such action is reviewable on appeal." (Emphasis ours.) To the same effect are other cases cited by defendant.

In determining whether or not to give or refuse instruction No. 4, the court, in the first instance, was not directing itself to the determination of a question of law, but was merely exercising its judicial discretion. No question of law was then presented; the only question being one of fact, and matters affecting the determination of issues of fact; that is, the facts testified to by Chief Winfrey, the inferences of arson that might be drawn therefrom and their possible effect on the jury. In the first instance the court considered the instruction unnecessary and refused to give it. On presentation of plaintiff's motion for new trial the court had an opportunity to reflect and reconsider its omission and it then, within its discretion, reached a different conclusion. Apparently the court concluded that, in view of the facts testified to by Chief Winfrey, there was an implication of arson that had probably influenced the jury to plaintiff's prejudice which this cautionary instruction would likely have removed, and that it had abused its discretion and, therefore, erred in refusing the instruction. Consequently, we say, the discretion exercised by the court in granting a new trial rested solely on the facts and matters affecting the determination of facts; not on an erroneous determination of the law. De Maire v. Thompson, 359 Mo. 457, 222 S.W.2d 93. Also see: Loftus v. Metropolitan Street Railway Co., supra, 119 S.W. 1. c. 944–945, cited by defendant, and Rodan v. St. Louis Transit Co., 207 Mo. 392, 105 S.W. 1061 and Seeger v. St. Louis Silver Co., 193 Mo. 400, 91 S.W. 1030, therein referred to.

Other points raised in the motion constitute a representation or reargument of issues presented under Point I of Defendant's Brief which we now disregard except to say the points were considered in reaching the decision, and were determined in the opinion.

For the reasons stated the motion for rehearing or to transfer is overruled.