**Prentice OSBORNE, Appellant,**

v.

**WAREHOUSE MAIL ORDER, etc., Local Union 838, Respondent.**

No. WD 31715.

Missouri Court of Appeals, Western District.

Sept. 22, 1981.

Stewart M. Stein and Phillip R. Gibson, Kansas City, for appellant; Stoup & Bohm, Kansas City, of counsel.

Lawrence H. Pelofsky, Kansas City, for respondent; Miniace, Pelofsky & Hamilton, Kansas City, of counsel.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

PRITCHARD, Presiding Judge.

Appellant's claim against respondent Union was for damages for its failure to process a grievance on his behalf for his alleged wrongful discharge from his employment as a driver for the refuse division of the Belger Cartage Service, Inc. It was alleged that there was a collective bargaining agreement between Belger and the Union that the company would not discharge or

suspend any employee without just cause; that demand was made on the Union and its vice president to process the grievance and to secure appellant's reinstatement and his back pay to which he was entitled, but the Union failed and refused to process the grievance; and that the Union's decision and determination not to process and pursue the agreement was not made in good faith, but was an arbitrary, discriminatory action.

■ The jury returned a verdict for appellant for $48,000, but the trial court awarded the Union a new trial "for reasons stated in paragraphs numbers I, II and X", of the Union's motion for new trial. Appellant first contends that the trial court's award for new trial lacks in requisite specificity of reasons therefor under Rule 78.03 ["Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."], and Rule 84.05(b), which states the result of a lack of specificity of reasons: "When a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent. * * *." The referenced paragraphs of the motion for new trial have been here examined and it is found that the claimed errors are stated with specificity: Error in the refusal of respondent's requested Instructions A and C, which are below discussed. Appellant's contention in this regard is overruled.

■ Appellant's verdict directing Instruction No. 2 is: "Your verdict must be for plaintiff if you believe: First, defendant's conduct in handling plaintiff's grievance was arbitrary, discriminatory or in bad faith, and Second, because of such conduct, plaintiff was not fairly represented, and Third, plaintiff was damaged thereby and has not been fully compensated." Respondent's Instruction A, refused by the trial court, the refusal being a ground for the grant of a new trial, is: "In determining whether defendant's conduct was arbitrary,

discriminatory or in bad faith, you must not speculate as to whether plaintiff's grievance had merit, whether plaintiff was wrongfully discharged or whether plaintiff would have won his grievance in arbitration. The evidence that plaintiff's grievance was not taken to arbitration is an element to be considered by you in determining the nature of defendant's conduct but is not conclusive on that issue." Instruction C, also requested and refused, the refusal being a second specification for the order for new trial, is: "You are instructed that there is no absolute right to have a grievance taken to arbitration, nor does the grievance process have to be error free." These two instructions were cautionary in nature, and the giving or the refusal of same was within the discretion of the trial court, unless mandatory as in the case of pre-trial MAI 2.01. See *Barnes v. Marshall*, 467 S.W.2d 70 (Mo.1971). Note the case of *Sam Snead School of Golf v. Anchor Casualty Co.*, 386 S.W.2d 412, 415[3–5] (Mo.1965), and the per curiam on motion for rehearing or transfer to the court en banc, holding that it is competent for the trial court to reverse its exercise of discretion in refusing a cautionary instruction and grant a new trial on the ground of that refusal. It should be noted that Instructions A and C are framed in language found in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), pertaining to the law of fair representation by a union in presenting employee grievances. No error appears in the granting of a new trial because of an initial refusal to give Instructions A and C.

Other reasons advanced by appellant for claimed error in granting a new trial need not be discussed.

The judgment is affirmed.

All concur.