SCHUETTE, by next friend, TRAPP, Appellant, v. ST. LOUIS TRANSIT COMPANY, Respondent.

**St. Louis Court of Appeals, October 18, 1904.**

1. **Practice: Remarks of Counsel: Exceptions.**    The appellate court will not *reverse* a judgment of the trial court on account of remarks of counsel in the argument of the case, unless such remarks are objected to at the time and exceptions preserved therefor, in the bill of exceptions.

2. ——: ——: ——.    Though objectionable remarks by counsel were not excepted to at the time, the trial court may *sustain* a motion for new trial on account of same and such ruling will not be disturbed on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

From order granting a new trial plaintiff appealed.

AFFIRMED.

BLAND, P. J.—Plaintiff is a minor seventeen years of age and sues by his next friend. The evidence shows that on the second day of August, 1903, he undertook to board one of defendant's cars travelling south on Nineteenth street at the corner of Nineteenth and Mallinckrodt streets, in the city of St. Louis, for the purpose of going to Forest Park Highlands. The car did not stop at the corner of Nineteenth and Mallinckrodt streets, the usual stopping place for passengers to get on and off, but stopped at Garden street, one-half block south of Mallinckrodt. Plaintiff followed the car to Garden street and got on the second step of the rear platform when, according to his evidence, corroborated by the evidence of several bystanders, the conductor of the car pushed plaintiff off with such force and violence as to throw him prostrate in the street. The force of the fall was so great as to fracture his left arm in two places. After a temporary dressing of the injury by Dr. Schiermann, plaintiff was sent to the City Hospital for treatment. About the first day of September following the injury, he was treated by Dr. Wilbur H. Wilson, who stated that on account of malpractice the broken bones of the arm had lapped one over the other causing a curvature of the arm and that its use was greatly and permanently impaired. The suit is to recover for these injuries.

The jury found for plaintiff and assessed his damages at fifteen hundred dollars. On motion of defendant the court set aside the verdict and granted a new trial. The plaintiff appealed from this order. The motion for new trial, in addition to many other assignments, called the attention of the court to the argument

of plaintiff's counsel to the jury, setting out the language used by counsel in his closing argument, which it is claimed was improper and prejudiced the jury against the defendant. The order granting the new trial is as follows:

"The court having considered the motion of defendant for a new trial doth sustain the same because of improper conduct of plaintiff's counsel in his argument to the jury."

Counsel were restricted to ten minutes on a side in which to argue the case to the jury. Counsel for plaintiff used language in his closing argument which, it seems to us, was calculated to prejudice the jury and inflame their passions against the defendant. The following extract from his closing argument, we think is especially objectionable:

"Now counsel speaks of a lawyer getting into the hospital with a crowbar. Gentlemen, he has made that charge against me, and it has been well known that lawyers when they have no defense to their case always try to prejudice the jury against the lawyer on the other side. If they have no case to talk about, they talk about the lawyer. Gentlemen, they make this charge against me, and I am glad to have the charge made against me for doing the services I have in this case by such a defendant. I will tell you, gentlemen, it takes the pot to call the kettle black. I tell you, I am glad to have them bring this up in this way, because, gentlemen, if I never have anything worse to answer on the last day than the fact that I helped this poor widow with eight children when she couldn't get a doctor to attend to her son's arm, when her son was being improperly treated in the hospital, I will tell you, gentlemen, if I never have anything worse to answer for than the fact that I have given this old woman money, and have helped out this family and this boy, and have, gentlemen, seen or tried to see that they got some little rights, if I have nothing worse than that to answer for, I

think I have got a pretty clear record, gentlemen. I like this insinuation against me by such a defendant, because gentlemen, I like to have it charged that from the records in this case, when it is before the jury, I have helped this poor family in North St. Louis, and that the defendant who caused this injury, whose agent assaulted this boy, who threw him down in that manner, put him off on the side to be treated—put him off in the poor ward—in the pauper's ward in the City Hospital to be improperly treated, and never once, under the evidence, ever offered to give him a cent, or do anything for him, and come in here ready to hire a lawyer to go into court to malign him and his witnesses and malign any body that sees fit to see that this boy, under the law, has his rights. I like such criticism. Have we come to this in Missouri? Have we come to a stage in Missouri when a boy, because he is poor, because he only has ten cents in his pocket (that looks big to some boys) have we come to a stage in Missouri where a boy with only ten cents in his pocket can be thrown from a car and injured in this manner and then put off on the city hospital and mistreated, and then they go into court, gentlemen, and say he has no right there?''

Counsel for plaintiff concedes that his argument was improper, but insists that as no objections were interposed at the time the argument was made, they can not be raised for the first time on a motion for new trial.

In Burdoin v. The Town of Trenton, 116 Mo. l. c. 374, 22 S. W. 728, the court said:

''Our statute law declares that 'no exceptions shall be taken in an appeal or writ of error to any proceedings in the circuit court, except such as shall have been expressly decided by such court.' Revised Statutes 1889, sec. 2302.

''We think it should be held, in accord with the plain intent of that section, that where no objection (such as the trial judge can act upon), is made at the time to

improper remarks of counsel in argument, the courts will not entertain an objection afterwards interposed by the motion for new trial.''

In State v. Forsythe, 89 Mo. 667, 1 S. W. 834, it was held that objection to improper language of the prosecuting attorney in his closing argument comes too late if made for the first time in the motion for new trial. The same ruling was made by the Kansas City Court of Appeals in State v. Dyson, 39 Mo. App. 297. In all these cases the motion for new trial was overruled by the trial court, and we would have no hesitancy in making a like ruling in this case had the motion for new trial been overruled. The granting of the new trial presents quite a different question and very materially alters the aspect the case would have presented had the motion for new trial been overruled. It is well-settled law that a trial court may, in the exercise of a sound discretion, set aside the verdict of the jury on its own motion. Not only is this true but it is also the law that it is the duty of the trial court to set aside a verdict whenever, in its judgment, the verdict has been obtained by unfair and illegal means, and appellate courts, for obvious reasons, will not interfere with the exercise of this discretion unless it very clearly appears that the court acted arbitrarily or otherwise abused its powers. The judge presiding at the trial may keep the arguments of counsel in the proper channel. To do this when no objection is made by the opposing party is, in some circumstances, a very delicate matter, and interference of doubtful propriety. The circumstances may be such that the judge may deem it the wiser course to await the verdict of the jury and then grant a new trial if, in his opinion, the verdict is for the wrong party or, if for the right party, it is excessive. Whether or not the jury was influenced by an improper argument, the trial judge is in a better position to form a correct idea than is the appellate court. The jury is immediately under his eye and hence

he is in a position to mark the effect (if any) the improper and illegal argument is having on the jury as it progresses. And whenever from what he has observed at the trial and from the verdict itself, he determines that the jury was improperly influenced and their verdict is tainted with passion or prejudice, his ruling ought not be interfered with, unless it clearly appears that he has injudiciously and erroneously exercised his discretion by setting aside the verdict. There is nothing in the record in this case to indicate that there was an unwise exercise of the discretion of the trial judge in granting the order for new trial and the judgment is affirmed. All concur.