SCHEUTTE, Sr., Appellant, v. ST. LOUIS TRANSIT COMPANY, Respondent.

St. Louis Court of Appeals, November 15, 1904.

PRACTICE: New Trial: Weight of Evidence: Discretion of Trial Judge. A trial court has large discretion in granting a new trial on the ground that the verdict was against the weight of evidence. Where the evidence was conflicting, such a ruling will not be disturbed on account of intemperate remarks made by the judge as indicating prejudice in the ruling.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

From an order granting a new trial, plaintiff appealed.

AFFIRMED.

*Ernest E. Wood* for appellant.

*Boyle, Priest & Lehmann* for respondent.

GOODE, J.—A verdict of the jury in favor of the appellant was set aside and a new trial granted on the ground that the verdict was against the weight of the

evidence. An appeal was taken from the order granting a new trial.

The action was instituted by the plaintiff to recover for the loss of his minor son's earnings due to an injury which is charged to have been sustained at the hands of a conductor of one of the defendant's cars. The testimony for the plaintiff was that without provocation or cause the conductor threw the boy off the car. For the defendant the testimony was that the boy stepped on the rear of the car, pulled the bell cord, grossly insulted the conductor and then jumped off. The result of the episode was that the boy's arm was broken. The evidence was exceedingly contradictory, various witnesses testifying in corroboration of the boy's narrative and others supporting the statements of the conductor. The trial court had, of course, a large discretion in granting a new trial on the ground that the verdict was against the weight of the evidence. Appellant's counsel concedes this, but insists the discretion was abused in this instance, as the weight of the evidence was strongly in favor of his client. It is further said the record bears marks of prejudice and passion on the part of the trial judge. No doubt some asperity was shown by the court in the conduct of the trial and remarks were made that well might have been spared. But we cannot say the court acted from prejudice or passion instead of an honest judgment in granting another trial. It was a case of highly contradictory testimony, and the judge who heard the witnesses and saw their manner would necessarily form an opinion as to where the weight of the evidence fell. We see no reason to think the verdict was set aside arbitrarily and from prejudice against the appellant. Hasty expressions may be thrown out by a judge in an irritable moment during the progress of a trial, which do not signify in the least that prejudice dictates his opinion in regard to the evidence and the merits of the case.

The judgment is affirmed. All concur.