MICHAEL KELLEHER, Appellant, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals. Argued and Submitted March 14, 1910. Opinion Filed March 22, 1910.

1. **APPELLATE PRACTICE:** Awarding New Trial: Discretion of Trial Court: Excessive Damages. The matter of awarding a new trial on the ground of excessive damages is so entirely within the discretion of the trial court that an appellate tribunal will interfere only in the very clearest case of an abuse of discretion.

2. ———: ———: Reason for Granting New Trial: Conclusiveness of Record. The court on appeal from an order granting a new trial is governed by the record entry of the trial court giving the reasons for its ruling.

3. ———: ———: Discretion of Trial Court: Excessive Damages. In an action by a passenger for assault by a street car conductor, the verdict was for plaintiff for $300 actual and $300 punitive damages. A motion for new trial on the grounds of excessive recovery and error in permitting punitive damages was ordered sustained on both grounds, unless plaintiff remitted all punitive damages. *Held*, that this should be construed as a holding that, while the court thought no punitive damages should be awarded and that $300 actual damages was excessive, he would let the verdict stand for $300, and, as so construed, it was an exercise of the discretion of the court, which will not be reviewed on appeal.

4. **CARRIERS OF PASSENGERS:** Assault on Passengers: Punitive Damages. In an action by a street car passenger for an assault committed by the conductor, evidence *held* to authorize the submission to the jury of the question of punitive damages.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*John E. Murphy* and *Blevins & Jamison* for appellant.

(1) Under the evidence it was for the jury to determine whether or not punitive damages should be assessed against the defendant. The court erred, therefore, in setting the verdict aside on the ground that the plaintiff was not entitled to punitive damages. Yeager v. Berry, 82 Mo. App. 534; Prentiss v. Shaw, 56 Me. 427; Summerfield v. Transit Co., 108 Mo. App. 718; Carmody v. Transit Co., 122 Mo. App. 338; 2 Sutherland on Damages (3 Ed.), sec. 391; Burke v. Melvin, 45 Conn. 246. (2) The court's action in ordering that plaintiff remit the $300 punitive damages awarded by the jury and that upon failure to do so the defendant's motion for new trial would be sustained on the grounds that the damages were excessive and that plaintiff was not entitled to recover punitive damages, was erroneous and inconsistent, to say the least, and should not be sustained by this court. The fact that the court by such order, in effect held that the compensatory damages were not excessive, but that the whole of the punitive damages should be remitted because excessive, and that plaintiff was not entitled to recover any punitive damages, clearly establishes such error and inconsistency. (3) This court will look to the whole of the record to ascertain the grounds upon which the motion for new trial was sustained. The record shows that the trial court sustained the motion for a new trial on the ground that plaintiff was not entitled to punitive damages, and because plaintiff refused to remit that part of the verdict allowing him punitive damages. If the trial court was in error in this regard, the case should be reversed and remanded.

Sessinghaus v. Knoche, 137 Mo. App. 323. (4) This case was well tried and the verdict was for the right party. There is no error anywhere in the record, and the verdict of the jury should not have been set aside. The plaintiff was entitled to a trial by jury, and the action of the court setting aside the verdict, under the circumstances, was erroneous, arbitrary and an abuse of any discretion and power conferred upon it by law. Hill v. Wilkins, 4 Mo. 86; Ittner v. Hughes, 133 Mo. 689; Taylor v. Gossett, 114 Mo. App. 723; Richardson v. Brick Co., 122 Mo. App. 529; Whitsett v. Ransem, 72 Mo. 358; Morris v. Railroad, 136 Mo. App. 398; Herndon v. Springfield, 137 Mo. App. 522. (5) The case was fairly tried, there was no error in the record, and the verdict was for the right party. The damages under all these circumstances were very modest, but, if the damages, either compensatory or punitive, are excessive, this court may now make such order in respect thereto as the evidence requires, and thereby avoid another trial of said cause. Chitty v. Railroad, 166 Mo. 435; Braghill v. Norton, 175 Mo. 190; Barnes v. Lead, 107 Mo. App. 614.

*Boyle & Priest, F. S. Whitelaw* and *G. T. Priest* for respondent.

(1) As to the first ground that the verdict was excessive. A judge, *nisi prius,* has the power of exercising, in his supervision of actions before him, a very broad discretion, which an appellate court will not interfere with, if exercised over matters of fact, and not clearly abused. Loftus v. Railroad, 119 S. W. 942; Kirn v. E. E. Iron Co., 124 S. W. 45; Schuette v. Transit Co., 108 Mo. App. 21; Schuette v. Transit Co., 108 Mo. App. 186; Fitzjohn v. Transit Co., 81 S. W. Rep. 908. It is axiomatic that the excessiveness of a verdict involves a question of fact and the trial court having said that the verdict rendered in this case was

excessive, this court will not interfere with the use of his discretion in that respect.    (2) As to the second ground on which the court granted a new trial, namely, plaintiff was not entitled to punitive damages.    This ruling can be upheld on the authorities and argument set out under point one.  All of defendant's witnesses testified that plaintiff without provocation, called the conductor vile and abusive names, which, if true, would bar plaintiff from recovering punitive damages. Mitchell v. Transit Co., 125 Mo. App. 1.

REYNOLDS, P. J.—This is an action to recover damages for injuries alleged to have been sustained by plaintiff by reason of the alleged fact that a conductor in charge of a car which he was operating for defendant on its street railway, did "violently, maliciously and willfully commit assault and battery upon plaintiff in this, that the said conductor struck the plaintiff a blow with his fist in the mouth with great force and violence, causing five of the plaintiff's teeth to be loosened so that all five of said teeth had to be extracted."  It is alleged that this occurred while plaintiff was endeavoring to alight from the car in charge of the conductor and that in consequence of said blow plaintiff lost his hold on the handrails of the car and was caused to fall and be violently thrown to the pavement of the street with such force that he was injured about the face and head and right side of his body at or about the junction of the tenth or eleventh ribs with the costal cartilage; and that in consequence plaintiff had suffered excruciating physical pain and mental anguish and still suffers the same; that he received a serious shock to his nervous system and that the injuries were inflicted upon plaintiff by the conductor while he was in discharge of his duties as the agent and servant of the defendant.    It is further averred that in consequence of his injuries plaintiff has been compelled to and in fact will be compelled to

incur large expenses for medical treatment of the inju-
ries and for medicines in the treatment thereof, the
amount of which he is unable to specify as he is still
under the charge of a physician on account of said in-
juries.   He prays actual damages in the amount of
five thousand dollars and a like amount in addition as
punitive damages.

The answer is a general denial.

At the trial of the case there was evidence tending
to prove the allegations of the petition, except that it
appears from an instruction given by the court that
the pushing of plaintiff off of the car by the conductor
was not relied on as a ground for recovery.   On the
part of defendant there was evidence tending to show
that the plaintiff and conductor of the car had a quarrel
and that while plaintiff was getting off the car, he
used offensive language to the conductor, who pro-
tested against the language used by plaintiff and told
him if he was not an old man he would strike him,
but that he did not strike him, merely putting his hand
on the plaintiff as he stood on the step of the car; that
plaintiff did not fall nor was he pushed or thrown to
the ground.

There was a verdict for plaintiff for three hundred
dollars actual and three hundred dollars puni-
tive damages.   Defendant in due time filed a
motion for a new trial in which the fifth and
seventh grounds assigned are, "5th.   Because
said verdict is excessive. 7th. Because the court
erred in permitting the jury to return a verdict against
defendant for punitive damages herein."   The court
thereupon by entry of record ordered "that unless
plaintiff should remit within ten days from that date
the punitive damages awarded plaintiff by the jury
in the sum of three hundred dollars, that defendant's
said motion for a new trial would be sustained by the
court on the fifth and seventh grounds specified
therein."   Plaintiff refusing to remit, a new trial was

awarded, from which action of the court in awarding the new trial, plaintiff, saving his exception, has duly appealed to this court.

The matter of awarding a new trial on the ground of excessive damages is so entirely within the discretion of the trial court that an appellate tribunal will interfere with that action only in the very clearest case of an abuse of that discretion. [Loftus v. Railway, 220 Mo. 470, 119 S. W. 942; Kirn v. E. E. Souther Iron Co., 146 Mo. App. 451, 124 S. W. 45; Schuette v. St. Louis Transit Co., 108 Mo. App. 21, 82 S. W. 541; Schuette v. St. Louis Transit Co., 108 Mo. App. 186, 83 S. W. 297; Fitzjohn v. Transit Co., 183 Mo. 74, 81 S. W. 907.] It may be true, as argued by the learned counsel for the appellant, that the court was controlled in its action entirely by the view that it took that this was not a case for punitive damages, but that is not what the court has said in the record entry and we must be governed by that.

As will be noted above, the entry of record of the court was that the motion for a new trial would be sustained by the court upon the 5th and 7th grounds specified in the motion for new trial unless plaintiff remitted all of the punitive damages. This may be construed as meaning that while the court thought no punitive damages should be awarded at all, he had concluded that with these remitted he would allow the verdict to stand for the three hundred dollars actual damages, even though he thought that was excessive. He undoubtedly held that unless the three hundred dollars was remitted from the verdict, the whole verdict was excessive. Plaintiff took issue on this and elected to stand by his verdict. As the case will have to be retried, we do not think it proper to comment at length on the instructions. As to the conclusion of the court that punitive damages under the facts in evidence should not be awarded, we hold that on the facts in evidence it is a question for the jury whether plaintiff, if the issues are

found for him, was entitled to punitive damages, as well as actual. On a retrial the facts may develop otherwise than as shown on this. It is sufficient to say for the purposes of the present case, that the sustaining of the motion for the new trial upon the grounds stated was within the undoubted judicial discretion of the learned trial judge, and we cannot say that that discretion was either arbitrarily or improperly exercised. That being so, the action of the circuit court in sustaining the motion for new trial is affirmed. All concur.

