## LOTTIE M. RIGBY, Appellant, v. ST. LOUIS TRANSIT COMPANY et al., Respondents.

St. Louis Court of Appeals, December 30, 1910.

1. **NEGLIGENCE: Injury by Tie Carelessly Handled on Street Crossing: Negligence, Question for Jury.** In an action for personal injuries alleged to have been sustained by plaintiff by reason of a tie, which was being precipitated into a trench on a street crossing, striking her, evidence *held* sufficient to prove defendant was negligent in precipitating the tie forward upon the crossing for pedestrians without making a careful observation to see whether persons were present who were likely to be injured thereby.

2. ————: ————: **Contributory Negligence, Question for Jury.** In an action for personal injuries alleged to have been sustained by plaintiff by reason of a tie, which was being precipitated into a trench on a street crossing, striking her, *held,* evidence for defendant tending to show that plaintiff was fully aware that ties were being thrown into the trench, but nevertheless moved forward in the face of the impending danger, which was open to her view, was sufficient to prove plaintiff was remiss in her duty to exercise ordinary care.

3. **NEW TRIAL: Excessive Verdict: Setting Aside: Discretion of Court.** It is the positive duty of a trial judge to set aside the entire recovery, where he is convinced from what appeared at the trial that the verdict was the result of passion and prejudice on the part of the jury, and it is not necessary that he first suggest a proper remittitur by plaintiff.

4. **APPELLATE PRACTICE: New Trial: Discretion of Lower Court.** The discretion of the trial court in supervising and setting aside verdicts, on matters pertaining to the facts, will not be reviewed on appeal, unless such discretion has been abused or arbitrarily exercised.

5. **———: ———: ———: Absolute Right to Grant One New Trial.** Where but one new trial has been granted and the trial court has awarded it because of a decision of matters *in pais*, the verdict will not be reinstated on appeal, if there appears substantial evidence to sustain a verdict for the party to whom the new trial was awarded.

6. **NEW TRIAL: Errors of Law.** While only one new trial may be awarded a party on the judgment of the trial court with respect to the facts of the case, matters of law are always open to review.

Appeal from St. Louis City Circuit Court.—*Hon. M. N. Sale,* Judge.

AFFIRMED AND REMANDED.

*Albert E. Hausman* for appellant.

(1) The verdict of the jury was not excessive, but all things considered is reasonable and just. Verdicts as follows have been sustained in this state. Bolton v. Mo. Pac., 172 Mo. 92; Goldsmith v. Holland Bldg. Co., 182 Mo. 597; Taylor v. R. R., 16 S. W. 206; Griffin v. R. R., 98 Mo. 108; Ridenour v. R. R., 102 Mo. 270; Latson v. St. Louis Transit Co., 192 Mo. 449. (2) When the trial court or appellate court on appeal considers a verdict excessive it is in the interest of justice that a remittitur be ordered and that judgment be entered for the amount of the verdict less the remittitur. Bragg v. R. R., 192 Mo. 366; McGraw v. O'Neil, 101 S. W. 132; Nicholls v. Crystal Plate Glass, 126 Mo. 55; Barnes v. Lead Co.,

107 Mo. App. 608; Phippin v. R. R., 196 Mo. 321; Sec. 866, R. S. 1899; Chandler v. Gloyd, 217 Mo. 394.

*Boyle & Priest* and *T. M. Pierce* for respondents.

With the evidence as conflicting as it was in this case, and with the damages so exceedingly excessive that counsel for the appellant virtually make such a confession, how can this court say that the trial court abused its discretion in the granting of a new trial? Kelleher v. Railroad, 126 S. W. 796; Loftus v. Railroad. 220 Mo. 470; Kirn v. Iron Co., 124 S. W. 45; Schutte v. Railroad, 108 Mo. App. 21.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. The finding and judgment were for plaintiff, but the court set the verdict aside on defendant's motion, and from this order plaintiff prosecutes the appeal.

It appears plaintiff was injured on defendant's street car tracks at the point where the public crossing for pedestrians on Prairie avenue crosses the tracks in Florissant avenue. Both streets are public thoroughfares of the city of St. Louis. Defendant's car tracks run north and south about the center of Florissant, and Prairie avenue is said to cross Florissant from east to west. At the time of plaintiff's injury, defendant was reconstructing the bed of its tracks in Florissant avenue and to that end had removed the surface of the street between the rails of the track and immediately adjacent thereto on the outside of the same. Plaintiff, a pedestrian, walked southward on Florissant avenue and turned to cross that street at the usual crossing place but one of defendant's cars then discharging a number of passengers stood with its rear platform immediately upon the crossing where plaintiff desired to pass. Defendant had lodged several railroad ties at

the point of the crossing for pedestrians between the rails of its track where the surface was excavated, for the purpose of enabling persons to pass over the same. The evidence for plaintiff tends to prove that she approached the point of crossing and stood for a few seconds until the car there standing passed to the northward. Immediately upon the car moving forward, she stepped upon the track, in progressing westward, just as one of defendant's track-men from the opposite side of the track threw a railroad tie from his shoulder into the excavation between the tracks immediately before her. It seems defendant's servant with the tie on his shoulder was standing immediately on the west side of the car awaiting its departure while plaintiff stood on the east. So standing, of course, the rear end of the car was between plaintiff and defendant's servant and the view of each was obstructed so far as the other was concerned. The tie, upon being thrown by defendant's trackman into the excavation between the rails of the track, bounded and inflicted injuries upon plaintiff's knee and arm. There is evidence tending to prove that the injuries suffered by plaintiff are severe and permanent. But there is evidence for defendant tending to prove plaintiff's condition is the result of a rheumatic trouble which antedated the injury received from the rebound of the tie. Plaintiff testified one of her limbs was considerably enlarged about the knee as a result of the injury, but an eminent physician, commissioned by the court for the purpose, after an examination, gave testimony to the effect that he was unable to discover any measurable enlargement of the limb referred to and that he found nothing indicating a permanent injury.

While there is ample evidence tending to prove defendant's servant was negligent in precipitating the tie forward upon the crossing for pedestrians without making a careful observation after the car passed forward as to whether persons were present and likely to be in-

jured thereby, there is substantial evidence, too, to the effect that plaintiff was careless in her own conduct. The evidence shows that the car tracks were in the course of reconstruction and that the excavation between the rails and between the two tracks of defendant was being filled with ties at the time to enable persons to cross the same, and of this plaintiff was fully advised. In the circumstances stated, of course, it devolved upon her to exercise that degree of care which usually attends the conduct of an ordinarily prudent person in the same situation for her own safety, and the proof for defendant tends to show that she moved heedlessly forward without care and was nearly across the track at the time the tie was thrown and rebounded upon her. In other words, there is evidence tending to prove plaintiff was remiss in her duty to exercise ordinary care by moving forward in the face of an impending danger which was open to her view after the car passed from the crossing.

The court submitted the question of plaintiff's contributory negligence, if any, and instructed the jury as well that if the negligence of both parties concurred in the injury, no recovery could be had. There can be no doubt that if the jury had found the issue for defendant as though plaintiff was careless for her own safety or that her want of care concurred with that of defendant as the occasion of her injury, the verdict would find substantial support in the evidence adduced. But the jury found the issue for plaintiff as though defendant was negligent while she was duly careful in all respects, and awarded her a recovery of $7500. On defendant's motion, the court set the verdict aside and entered an order of record to the effect that it did so "because the verdict is so grossly excessive in amount as to indicate that it is the result of passion and prejudice."

It is argued here that the court erred in thus setting the verdict aside without first suggesting a proper

Rigby v. St. Louis Transit Co.

remittitur, for it is said it may be plaintiff was entirely willing to forego a portion of the recovery in order to conclude the litigation. We are not so persuaded, for with respect to such matters, the trial court is vested with a large discretion and in the very nature of the grant of such discretion to the presiding judge a positive duty rests upon him to set aside the entire recovery when he is convinced from what appears at the trial that the verdict is the result of passion and prejudice on the part of the jury. It is the purpose of the law to approximate a just result between parties litigant and it goes without saying that such purpose is not effectuated when passion and prejudice enter into the award. A verdict which in amount of damages awarded indicates passion and prejudice to the mind of the court may be so infected with improper motive and contaminated with an ulterior purpose as to suggest no recovery whatever would be allowed on the cause of action stated if a fair consideration of the case were had by a just and unbiased jury. No one can doubt the duty of the court in such circumstances, and the full measure of its performance ought not to be disturbed on appeal by another tribunal which has no opportunity to see and consider the parties and witnesses together with their conduct and appearance on the stand, unless a clear abuse of a sound judical discretion appears. Moreover, if in the judgment of the trial court the verdict is the result of passion and prejudice on the part of the jury, then certainly no just criterion exists to suggest a proper remittitur. A remittitur ordered in the circumstances suggested would proceed quite beyond a conservative administration of the law and amount to no more than the guess of a competent lawyer on a question which, under our jurisprudence, is exclusively within the province of a jury of fair and unbiased laymen. But aside from this entirely, it is a rule of decision with us that as to the matter of supervising and setting aside verdicts on matters pertaining

to the facts of the case the discretion of the trial court will not be reviewed unless it appears such discretion has been abused or arbitrarily exercised. A distinct rule obtains even beyond this, however, in respect of the action of the trial court in granting but one new trial in a case as here. Where but one new trial has been granted, as in this case, and the trial court awards it through giving its judgment on matters *in pais,* the verdict will not be reinstated on appeal nor the discretion of the trial judge reviewed if there appears in the record substantial evidence to sustain a verdict in favor of the party to whom the new trial is awarded. In other words, in such circumstances, if the case is one in which the proof tends to show a cause of action or a substantial defense which might on a fair trial be accepted by the jury and acted upon in favor of the party to whom the new trial is granted, the appellate court will decline to interfere. This rule obtains, of course, only in cases where there has been but one new trial awarded to the party and it was granted on the judgment of the trial court with respect to the facts in the case, for as to matters of law, such are always open to review. [Loftus v. Met. Street Ry. Co., 220 Mo. 470, 119 S. W. 942; Seeger v. St. Louis, etc., Co., 193 Mo. 400, 91 S. W. 1030; Graney v. St. Louis, I. M., etc., Ry. Co., 157 Mo. 666, 57 S. W. 276; Schuette v. St. Louis Transit Co., 108 Mo. App. 21, 82 S. W. 541; Kelleher v. United Rys. Co., 147 Mo. App. 553, 126 S. W. 796.]

It is obvious there was substantial evidence before the jury tending to prove plaintiff's negligence concurred with that of defendant in producing the injury and no one can doubt that had the verdict been for defendant on that score, it would be affirmed on appeal if the case were otherwise without error. This being true, the discretion of the trial court will not be reviewed nor its judgment on such discretionary matter disturbed.

Plaintiff relies upon Chandler v. Gloyd, 217 Mo. 394, 116 S. W. 1073, and insists this case falls within

the rule of that one. We have been unable to discern anything in the opinion of the Supreme Court in that case which in the least impairs the rule of decision heretofore referred to. That case decides no more than that where it appears a verdict has been recovered by plaintiff and a remittitur ordered which order of remittitur has been acceded to by plaintiff and entered and thereafter, notwithstanding the court sets the entire verdict aside on the ground that plaintiff was not entitled to recover at all, the appellate court on reviewing the plaintiff's appeal from the order setting aside the entire verdict may, if it finds the cause of action in favor of plaintiff sufficiently established by the proof and no error of law on the trial, order a reinstatement of the verdict less the remittitur entered by plaintiff in obedience to the order of the trial court prior to its second order awarding a new trial because of the insufficiency of the evidence. The relevant features of the case referred to, when analyzed, present nothing more than an excessive verdict with remittitur ordered by the trial court and acceded to by the plaintiff. In such circumstances, it appears the discretion of the trial court had been exercised on reviewing the verdict as to what was a proper amount of recovery on the facts of the case if the plaintiff was entitled to recover at all. This being true, of course, there was no sound reason which would require a remand of the cause and a retrial of the issue, for on review the Supreme Court ascertained no error had been committed and the plaintiff was entitled to a verdict which had been properly supervised by the trial court and remittitur entered. The judgment setting aside the verdict and granting a new trial should be affirmed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.