JAMES L. CLARKSON, Appellant, v. PATRICK F. GARVEY et al., Respondents.

St. Louis Court of Appeals, December 2, 1913.

1. **NEW TRIAL: Grounds for Granting: Opinion of Trial Judge: Appellate Practice.** A written opinion, prepared by the trial judge on sustaining a motion for a new trial, to be available as disclosing the grounds upon which a new trial was granted, must be spread of record in the case.

2. **———: No Ground Assigned: Appellate Practice: Review.** Where the record does not disclose the ground upon which the trial court sustained a motion for a new trial, its action will be reviewed, on appeal, with reference to the several grounds set out in the motion, and such action will be upheld if it was a proper exercise of the court's discretion on any of such grounds, as that the verdict was against the weight of the evidence.

3. **———: Verdict Against Weight of Evidence.** It is proper to grant a new trial on the ground that the verdict is against the weight of the evidence, and an award of a new trial on that ground should be sustained, unless an abuse of judicial discretion appears.

4. **———: Discretionary Grounds.** The award of one new trial will not be disturbed, on appeal, as for an abuse of discretion, if there is substantial evidence in the record in favor of, or such as will sustain, a verdict for the party to whom the new trial is granted.

5. **———: ———: Verdict Against Weight of Evidence.** In an action against the business agent and other officers of a labor union for conspiracy, by threatening plaintiff's employer with a strike unless he discharged plaintiff, as a result of which plaintiff lost his job, where the court granted defendants a new

trial, without assigning any ground therefor, *held* that the evidence was sufficient to have sustained a verdict for such other officers, if a verdict had been returned in their favor, and hence the action of the trial court will be upheld on the theory that it awarded the new trial because the verdict was against the weight of the evidence—that being one of the grounds stated in the motion.

6. **CONSPIRACY: Action Against Officers of Labor Union: Burden of Proof.** In an action against the business agent and other officers of a labor union for conspiracy, by threatening plaintiff's employer with a strike, unless he discharged plaintiff, as a result of which plaintiff lost his job, plaintiff had the burden of proof throughout to show that the other defendants conspired with, or were responsible for, or ratified, the business agent's acts.

7. **NEW TRIAL: Insufficiency of Evidence: Excessive Damages: Number of New Trials.** Under Sec. 2023, R. S. 1909, if one verdict has been set aside on the ground of insufficiency of the evidence, a second verdict cannot be set aside for the same cause; but one new trial may be granted to either party on that ground, or on the ground that the verdict is against the weight of the evidence, regardless of the number of new trials that may have been theretofore granted to the same party on other grounds, and hence where a new trial was granted to a defendant on the ground that punitive damages awarded against him were excessive, a new trial could be awarded him, at a subsequent trial, on the ground that the verdict was against the weight of the evidence.

8. ———: **Verdict Against Weight of Evidence.** Where the plaintiff has the burden of proof and the defendant does not make any admission that would authorize a verdict against him, a verdict in his favor would be justifiable under the evidence, since the jury could reject plaintiff's evidence as being insufficient; and hence the granting of a new trial to the defendant would be upheld, on appeal, under the rule that such action will not be disturbed if the evidence will sustain a verdict for the party to whom the new trial was granted.

9. ———: ———. In an action against the business agent of a local union for conspiracy, by threatening plaintiff's employer with a strike unless he discharged plaintiff, as a result of which plaintiff lost his job, evidence *held* sufficient to have sustained a verdict for defendant, if a verdict had been returned in his favor, and hence the action of the trial court in granting him a new trial, without assigning any ground therefor, will be upheld on the theory that it was granted because the verdict was against the weight of the evidence—that being one of the grounds stated in the motion.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED AND REMANDED (*with directions*).

*Albert E. Hausman* for appellant.

(1)    Every member of Local Union No. 1 is liable in damages to any person who suffers loss through the enforcement of its written or unwritten rules, which provide that no man can work as a roofer in any union shop in St. Louis, unless he is a member of their union or unless he is otherwise satisfactory to it.    Purington v. Hinchcliffe, 219 Ill. 159; Doremus v. Hennessy, 176 Ill. 508; Eddy on Combinations, par. 368, 376, 380; Giblan v. National Amalgamated Laborers Union, 2 K. B. 600; Taff Vale Railway v. Amalgamated Society, 1901 Appeal Cases, 426; Walsh v. Master Plumbers, 97 Mo. App. 292; Lohse Patent Door Co. v. Fuelle, 215 Mo. 421.    (2)    To procure the discharge of an employee by threats of a strike against his employer is an actionable wrong.    Likewise to cause the breach of a contract by threats of a strike against one of the contracting parties is an actionable wrong.    Berry v. Donovan, 5 L. R. A. (N. S.) 899; Quinn v. Leathem, 1901 Appeal Cases, 495; Curry v. Galen, 152 N. Y. 33; Brennan v. United Hatters, 9 L. R. A. (N. S.) 254; Luecke v. Clothing Cutters, 19 L. R. A. 408; Giblan v. Amalgamated Union, 2 K. B. 600; Thomas v. Railroad, 62 Federal Rep. 803; Moore v. Bricklayers Union, 23 Weekly Cincinnati Law Bulletin, 48; London Guaranty Co. v. Horn, 101 Ill. App. 335, and 176 Ill. 608; Wilner v. Silverman, 109 Md. 341; Illinois Steel Co. v. Brenshall, 141 Ill. App. 36; Gibson v. Fidelity Company, 232 Ill. Sup. 49; Huskie v. Griffin, 75 N. H. 345; Hey v. Wilson, 232 Ill. 389; Reed v. Friendly Society of Stone Masons, 2 K. B. p. 88; Booth v. Burgess, 65 Atl. 226; Lohse Patent Door Co. v. Fuelle, 215 Mo.

421; Carter v. Oster, 134 Mo. App. 146; Swaine v. Blackmore, 75 Mo. App. 74; Lally v. Cantwell, 30 Mo. App. 524, and 40 Mo. App. 44; Beekman v. Marstens, 195 Mass. 205. (3) Combinations between officers and members of a labor union having for their direct object the immediate effect to injure and damage the business of persons at whom they are directed and thereby compel them to discharge their nonunion employees and replace them with members of the union, and thereby incidentally and indirectly to benefit the parties to the combination, are unlawful. Lohse Patent Door Co. v. Fuelle, 215 Mo. 421. (4) And in an action for such a tort damages for loss already accrued and to accrue may be recovered. Walker v. Cronin, 107 Mass. 555; Barry v. Donovan, supra; London Guaranty Co. v. Horn, supra. (5) This cause has been twice tried and a verdict rendered for plaintiff at each trial. The first verdict was set aside and new trial granted because the verdict was excessive. Therefore, the only question which can be now considered is, Did the triers of the fact err in a matter of law; or were they guilty of misbehavior. Sec. 2033, R. S. 1909.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for respondents.

(1) Defendants' demurrer to the petition should have been sustained. (2) Only one new trial was granted all the defendants except Patrick Garvey. R. S. 1909, Secs. 2022, 2023. (3) There was no evidence to support the verdict against any of the defendants, and the court did right in sustaining their motion for a new trial. (4) The granting of a new trial rests in the sound discretion of the trial court, and its action in that behalf will not be disturbed on appeal unless it appears that its discretionary power is abused. Roden v. St. Louis Transit Co., 207 Mo. 392; Gould v. St. John, 207 Mo. 619; Morell v. Lawrence, 203 Mo.

381. (5) The trial court committed no error in sustaining defendants' motions for a new trial for the following reasons: Firstly, the verdict of the jury was against the overwhelming weight of the evidence and the result of bias, prejudice and passion. Secondly, the court erred in giving Instructions 1, 2 and 3 offered by plaintiff, and in refusing Instruction B offered by defendants. (6) The members of a voluntary association are not liable for the wrongful acts of the agents of such association unless they directed, participated in or approved of such wrongful acts. Mere membership in a voluntary association is not sufficient to make a member liable for the wrongful acts of the agent of the association. (7) Patrick Garvey, either as an individual or as the business agent of Local Union No. 1, was not guilty of any wrongful or illegal act as against the plaintiff and the evidence in the case fails to make a prima-facie case as against him.

NORTONI, J.—This is a suit for both actual and punitive damages said to have accrued to plaintiff through the wrongful conduct of defendants in coercing his discharge from service and causing the breach of certain contracts by another, to his detriment. Plaintiff recovered at the trial, but the court sustained defendants' motions for a new trial and set the verdict aside. The appeal is prosecuted by plaintiff from the order of the court setting aside the verdict and granting defendants a new trial.

Plaintiff is a journeyman composition roofer by occupation and defendants are all members and officers of Local Union No. 1, International Brotherhood of Composition Roofers, Damp and Waterproof Workers, of St. Louis, Missouri. This organization is a voluntary one and unincorporated. It seems to be a branch, and is affiliated with the Building Trades Council of the city of St. Louis, in which organization all of the building trades of the city, save the bricklayers,

are affiliated. The several defendants are the officers of Local Union No. 1 and defendant Patrick G. Garvey is the business agent of the union. Frederick Laibly was president of Local Union No. 1 at the time complained of, while Eugene Moriarity was vice-president thereof, Michael McCarthy was recording secretary, and Michael Shannon the financial secretary of the union. Edward J. McCarthy was its treasurer, William Holstein its doorkeeper, and, as before said, Patrick F. Garvey was its business agent. All of the men so named are defendants here, and the suit proceeds against them jointly, for both actual and punitive damages.

It appears plaintiff was formerly a member of this union from 1903 to 1906, when he established a small roofing business for himself, and his membership in the union ceased because of that fact—that is, because he became an employer and was no longer a journeyman. About January or February, 1909, plaintiff sold his business and tools to the St. Louis Roofing Company and entered into an arrangement with that concern whereby he was to enter its employ. Plaintiff worked for that company one day and was laid off. Thereupon, Mr. Holland, the manager of the St. Louis Roofing Company, directed its shop foreman to place plaintiff in charge of a gang of men as a foreman or gaffer. Plaintiff reported for work at the shop of the St. Louis Roofing Company, and the foreman, Haley, in obedience to the order of the manager of the company, gave him a yellow slip, which signified his assignment to duty as the foreman of a gang. Thereupon defendant Patrick F. Garvey, business agent for Local Union No. 1, inquired of Haley, who was then present, whether or not all of the other men there waiting were to be given work that morning, and Haley replied in the negative. Garvey then said to Haley, "This man (meaning plaintiff) don't go to work either then," and Haley took from plaintiff his yellow slip and dis-

pensed with his services as foreman. Plaintiff then made application to become a member of the union, and Garvey and all of the defendants considered it that night, but deferred action thereon. Finally plaintiff's application for membership in the union was rejected, because, as he was told by Garvey, he had applied for work from the St. Louis Roofing Company through the office, and not at the shop where Garvey was stationed as the representative of the union.

Thereafter, on March 16, 1909, plaintiff entered into a contract with the St. Louis Roofing Company to roof a building to be occupied by the Rohan Boiler Works, and fourteen houses in Parkview. He entered upon this work as subcontractor, and on March 20, as he was completing the task of roofing the building to be occupied by the boiler works, defendant Garvey called upon him there and inquired what he was doing. Plaintiff informed Garvey he was roofing the building as subcontractor for the St. Louis Roofing Company, whereupon Garvey said to plaintiff, substantially, that he would not be permitted to continue working for that company. Garvey then said, "If the St. Louis Roofing Company gives you any more work, I will pull off every man they have on Monday morning"—that is, he would call a strike of the union men in the employ of the roofing company. The evidence tends to show there were seventy-five or one hundred union men, members of Local Union No. 1, of which defendants are officers and Garvey was business agent, then in the employ of the St. Louis Roofing Company. During the same afternoon, defendant Garvey called up Mr. Holland, manager of the St. Louis Roofing Company, over the telephone and told him he wanted to see him about Clarkson (plaintiff) working for the company. Holland replied he would have to hurry if he wanted to see him at the office. Garvey then said to Holland, "You had better wait or you will have one hundred men walk out on you Monday morning." Holland

waited, and Garvey came to his office and told him that unless he quit contracting with Clarkson (plaintiff) or giving him work, he would call all the roofers away from the St. Louis Roofing Company on a strike. It appears the St. Louis Roofing Company was pressed with business at the time and could not afford to have its affairs interrupted as threatened. Moreover, it is in evidence, too, that if such threat were carried out, it would entail a considerable loss upon the St. Louis Roofing Company, and, therefore, Mr. Holland notified plaintiff that that company would have to take the contracts out of his hands. Because of this, plaintiff lost his contracts with that company and remained unemployed for a considerable time.

The suit proceeds at law for both actual and punitive damages against all of the defendants, and the jury awarded plaintiff a recovery of $1200 actual damages and $2500 punitive damages. It appears the case was tried once before and the court nonsuited the plaintiff on his cause of action asserted against all of the defendants, save defendant Patrick F. Garvey, the business agent, against whom a recovery was had. Thereafter, the court sustained plaintiff's motion for a new trial and reinstated the case on the docket for further proceedings against Garvey's codefendants. At the same time, the court sustained defendant Patrick F. Garvey's motion for a new trial on the ground that the award of punitive damages by the jury in their verdict was excessive, and, therefore, the case was set down for trial again against all of the defendants.

At the second trial, a verdict was given for plaintiff against all of the defendants, and two motions for a new trial were duly filed. One of these motions was filed by defendant Patrick F. Garvey, alone, while the other was filed by all of the defendants, save Garvey, jointly. The court sustained both motions, set the verdict aside and granted a new trial to all of the defendants, but omitted to enter of record the ground

or grounds upon which the new trials were ordered, as the statute requires.

It is true a written opinion, said to have been prepared by the trial judge, indicating his views of the case, and delivered on sustaining the motions for a new trial, appears in the brief of defendants here. But be this as it may, such opinion is no part of the record and, therefore, it may not be utilized as disclosing the grounds, under the statute, for which the new trial is granted. To render such opinion available for that purpose, it should have been spread of record in the case, and it was not. Such has been expressly decided. [See Hewitt v. Steele, 118 Mo. 463, 24 S. W. 440; Kreis v. Mo. Pac. R. Co., 131 Mo. 533, 33 S. W. 64, 1150.]

The record before us reveals no more than that the motions for a new trial were sustained on the part of all of the defendants, and a new trial ordered. With the case in this posture, the matter is to be reviewed with reference to the several grounds for a new trial set forth in the motion therefor, and the action of the court in sustaining the motion and awarding the new trial must be sustained, if it was a proper exercise of the discretion of the court to grant a new trial on any one of the grounds therefor set forth in the motion. [Met. etc. Mining Co. v. Webster, 193 Mo. 351, 92 S. W. 79; Hewitt v. Steele, 118 Mo. 463, 24 S. W. 440; Kreis v. Mo. Pac. R. Co., 131 Mo. 533, 33 S. W. 1150.]

As before said, this is the first new trial granted to all of the defendants, save Patrick F. Garvey. In so far as the defendants, other than Garvey, are concerned, the question is not embarrassed by the new trial formerly granted in the case, for that was granted to plaintiff and not to them. This being true, it appears all of the defendants, save Garvey, stand in the position of having had awarded to them a new trial for the first time. Their motion for a new trial sets forth several grounds therefor and among such

179 Mo. App. 2

grounds is that the verdict is against the weight of
the evidence. It is proper for the court to grant a
new trial because it regards the verdict as against the
weight of the evidence, and as to this a broad judicial
discretion is to be induged in favor of the trial judge.
Indeed, when the new trial is granted on this ground,
the ruling of the trial court with respect to that matter
should be sustained unless there appears an abuse of
judicial discretion—that is, that the court exercised its
power in an arbitrary or improvident manner. [See
Gould v. St. John, 207 Mo. 619, 106 S. W. 23; Rodan v.
St. Louis Transit Co., 207 Mo. 392, 105 S. W. 1061;
Rigby v. St. Louis Transit Co., 153 Mo. App. 330, 133
S. W. 110.] As a corollary to the rule of decision last
cited, it is declared that the action of the trial court in
granting but one new trial to the parties will not be
disturbed on appeal in any case, as for an abuse of dis-
cretion in thus exercising its office of supervisor on the
facts of the case, if there is in the record substantial
evidence in favor of, or such as will sustain, a verdict
for the party to whom the new trial is granted. [See
Rigby v. St. Louis Transit Co., 153 Mo. App. 330, 133
S. W. 110; Loftus v. Met. St. R. Co., 220 Mo. 470, 481,
119 S. W. 942; Met. etc. Mining Co. v. Webster, 193 Mo.
351, 92 S. W. 79.] It is certain that we cannot say the
trial court abused its discretion in granting a new
trial to all of the defendants save Garvey, for, in any
view of the case, a verdict in their favor would have
been amply sustained on the evidence. Of course, the
burden of proof was on plaintiff throughout the case,
and it devolved upon him to show that these defend-
ants conspired with Garvey or were responsible for or
ratified his acts. It is true the record seems to be re-
plete with evidence tending to prove that Garvey was
the business agent for the unincorporated, voluntary
association, of which his codefendants are officers. But
be this as it may, there is evidence, too, tending to
prove that these defendants did not conspire or co-

operate with him and that he was not authorized by them to perpetrate the particular wrong complained of, and that they did not ratify his acts. It is entirely clear that the evidence would support a verdict for these defendants if one should be awarded by the jury in their favor. The order granting a new trial to these defendants must, therefore, of course, be affirmed.

But the question recurs as to the new trial granted defendant Garvey on his motion therefor. In so far as defendant Garvey is concerned, this is the second new trial granted to him in this case. The first one was awarded because, in the opinion of the trial court, the award of punitive damages against him was excessive. The statute (Sec. 2023, R. S. 1909) provides only one new trial shall be allowed to either party, except: first, where the triers of the fact shall have erred in a matter of law; or, second, when the jury shall be guilty of misbehavior. Under this statute, a rule of decision is established to the effect that if the court has set aside one verdict on the ground of the insufficiency of the evidence, a second verdict cannot be set aside for the same cause. [See Vermillion v. Parsons, 98 Mo. App. 72, 71 S. W. 1092; McFarland v. United States, etc. Assn., 124 Mo. 204, 27 S. W. 436; Nicol & Co. v. Hyre & Co., 58 Mo. App. 134.] But the prior verdict against Garvey was not set aside on the ground that it was against the weight of the evidence or for its insufficiency, but because the award of punitive damages was excessive. Under the statute above cited, it is well settled by a judgment of our Supreme Court *en banc* that the trial court possesses power to grant one new trial to either party upon the grounds of the insufficiency of the evidence or that the verdict is against the weight of the evidence, regardless of the number of new trials that may have been theretofore granted to the same party upon other grounds. [See Kreis v. Mo. Pac. R. Co., 131 Mo. 533, 33 S. W. 64, 1150.] This being true, it would seem that the inhibi-

tion of the statute does not obtain even against the new trial granted to Garvey, on the ground that the verdict is against the weight of the evidence. His motion for a new trial, like that of his codefendants, above discussed, sets forth as one of the grounds for a new trial that the verdict was against the weight of the evidence. In sustaining the motion without specifying of record other grounds under the statute, the court affirmed this, among the others set forth in the motion, as the reason for which the new trial was granted. Therefore, the order granting a new trial to Garvey must be sustained, unless it appears the court abused its discretion in granting it. Such discretion, it is said, may not be regarded as abused when there is substantial evidence in the record tending to support a verdict in favor of the party to whom the new trial is awarded. [Rigby v. St. Louis Transit Co., 153 Mo. App. 330, 133 S. W. 110; Canterbury v. Kansas City, 130 Mo. App. 1, 108 S. W. 574; Karnes v. Winn, 126 Mo. App. 712, 105 S. W. 1098.] Of course, plaintiff bore the burden of proof throughout the case, and as defendant Garvey did not make such admissions, either in the pleadings or at the trial, as would authorize a verdict against him on that score alone, it would seem that a verdict in his favor would be supported by substantial evidence, for, after all, if the jury were to reject the evidence of plaintiff and his witnesses *in toto* as insufficient, it would suffice to support a verdict for Garvey. But beyond this, there is an award of punitive damages to the amount of $2500 in the verdict, and there is much evidence for Garvey that, though he perpetrated a wrong on plaintiff's rights, he acted in good faith and without malice and offered him employment elsewhere. This being true, it is clear there is substantial evidence in the record sufficient to support a verdict for Garvey, if the jury should award one in his favor, and, because of this fact, it cannot be said the court abused its discretion in granting him a new trial

for the reason the verdict was against the weight of the evidence.

The judgment should, therefore, be affirmed, and the cause remanded with directions to the trial court to proceed with the new trial. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.