## J. U. VERMILLION, Appellant, v. L. C. PARSONS, Defendant; EDNA PARSONS, Interpleader, Respondent.

**St. Louis Court of Appeals, February 3, 1903.**

1. **Evidence:** DEMURRER TO EVIDENCE: PRACTICE, TRIAL. Where there is any evidence to be submitted to the jury, a demurrer to the evidence should be overruled.

2. **Verdict:** SETTING ASIDE VERDICT: PRACTICE, TRIAL: STATUTORY CONSTRUCTION. Under the provisions of Revised Statutes 1899, section 801, a second verdict should not be set aside, where it is against the weight of the evidence.

Appeal from Barry Circuit Court.—*Hon. H. C. Pepper,* Judge.

AFFIRMED.

*D. H. Kemp* for appellant.

(1)   It is essential to a valid parol gift that it go into effect at once and completely.   Mere words signifying an intent to transfer in the future are insufficient. R. S. 1899, sec. 3400; Spencer v. Vance, 57 Mo. 427; Wheatley v. Abbott, 32 Miss. 343; Gratside v. Phalman, 45 Mo. App. 160; Chevallier v. Wilson, 1 Texas 161; Brink v. Gould, 7 Lans. 425.   (2)   The parol gift made by L. C. Parsons and wife to Edna of the goods in controversy, unaccompanied by actual possession, is void as against Parsons' creditors without notice, and it makes no difference that the donee resided with the donor, or her parents.   Farr v. Sims, 24 Am. Dec. 396; Mason v. Rogers, 1 Root 324; Madison v. Shockley, 41 Iowa 451.   (3)   The general rule of law is, that the possession of personal property is prima facie evidence of ownership, and more so will the rule apply where

ownership is exercised and possession had, and no claim is made until attaching creditors intervene.   McClain v. Abshire, 63 Mo. App. 339, and cases there cited.   (4) The court should have given a peremptory instruction to the jury to find for the plaintiff.   The burden of proof was on the interpleader, and if there be no evidence sufficient in law to make out a prima facie case on the issues, she was not entitled to recover, and the court should say so to the jury.   Powell v. Railway, 76 Mo. 80, and cases cited; Ruchenbach v. Ellerbe, 115 Mo. 588, and cases cited.

*W. F. Maher* and *Joe French* for respondent.

(1)   Where it is alleged that the verdict and judgment are against the evidence and the weight of the evidence, trial courts have a large discretion in granting or refusing new trials.   The only limitation being that such discretion must not be abused.   Bemis Bros. Bag Co. v. Ryan Com. Co., 74 Mo. App. 627.   (2) The Supreme Court of this State has ever held that on an appeal it would not review the evidence and determine its weight, holding that this is a matter peculiarly within the province of the trial court, in the determination of which it has a large discretion, and the appellate court will not interfere unless such discretion has been arbitrarily exercised.   Parker v. Cassingham, 130 Mo. 350; Bank v. Armstrong, 92 Mo. 265; Bank v. Wood, 124 Mo. 72.   (3)   When the verdict is the result of prejudice or passion it is the peculiar duty of the trial court to grant a new trial.   But under such circumstances the appellate court will not interfere with the action of the trial court in granting or refusing to grant a new trial, unless it satisfactorily appears that its discretion has been arbitrarily and unreasonably exercised.   Chouquette v. Railway, 152 Mo. 258.   (4)   The trial court was not asked to set aside the verdict on account of the giving or refusing of instructions, and unless this is

done the action of the trial court is not reviewable. State v. Hedrich, 149 Mo. 397. (5) A father has the undoubted right to give to his daughter a piano or any other property he may own when he is not involved, and such gift does not interfere with his then creditors if he has any. Pepper v. Carter, 11 Mo. 540; Payne v. Stanton, 59 Mo. 158; Howe v. Waysman, 12 Mo. 169. (6) Bona fide gifts from parent to child living with the father are not affected with fraud simply from lack of possession. Howe v. Waysman, 12 Mo. 169. (7) To say that the child had no possession of the piano is absurd. The possession of the parents is the possession of the child, all living together. (8) Appellant's abstract of record in this case fails to comply with section 813, Revised Statutes 1899, and with rule 14a of this court. (9) This appeal is brought to this court by filing a certified copy of the judgment and the order granting the appeal, and under section 813, Revised Statutes 1899, the printed abstract must show all the essential facts necessary to give the appellate court the right to review the exceptions taken in the trial court. And if the abstract fails to show that the bill of exceptions was properly filed, or that it was filed in time, or that judgment was rendered, the appeal will be dismissed. Butler County v. Grady, 152 Mo. 441.

GOODE, J.—This appeal concerns the ownership of a piano claimed by Edna Parsons, the interpleader, but attached as the property of her father, L. C. Parsons, the defendant. There was other property involved in the case originally which is no longer in dispute.

Two points are made by the appellant: first, that a demurrer should have been sustained to the interpleader's case; second, that the jury ignored the evidence and found the verdict from prejudice.

The testimony of the interpleader and her mother was that the piano was given to the interpleader by her father when she was seven years of age and while he

was entirely free from debt; the issue between the attaching creditor and the respondent being as to whether she was the owner in good faith of the instrument, or whether it had been transferred to her by her father in fraud of his creditors.

There was undoubtedly evidence to be submitted to the jury as to whether the interpleader was the true owner and the circuit judge correctly overruled the appellant's demurrer.

The evidence interposed against the interpleader's right was deemed so strong by the circuit judge that he set aside one verdict in her favor, but the second trial resulted in the same way. The second verdict could not be set aside on that ground. R. S. 1899, sec. 801.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.