TANDY v. ST. LOUIS TRANSIT COMPANY, Appellant.

In Banc, December 9, 1903.

1. **Negligence: DAMAGES: INSTRUCTION.** In a suit for damages by the husband against a street railway, plaintiff's evidence showed that the sums he had expended for physicians, nurses and medicines were less than one-half those he claimed in his petition, but the petition also charged that the loss of her services damaged him in the sum of $2,000. The instruction told the jury "that if they find for plaintiff, they will assess his damages at such sum as they may believe from the evidence will be a fair compensation to plaintiff for any expense he has incurred" for doctor's bills, medicine, and nurses, "not exceeding" in each specified case the amount claimed in the petition, and "for such loss of services, etc., not exceeding $2,000." *Held*, not error.

2. **Instructions: DUTY OF APPELLANT.** It is the duty of appellant to point out the error in an instruction which he claims was prejudicial to his rights.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* for appellant; *Geo. W. Easley, Lon O. Hocker* and *Walter H. Saunders* of counsel.

The instruction is erroneous, because it is based on the petition and absolutely disregards the evidence, and also because it fails to limit the recovery of damages for medical services, and so forth, to the time of the filing of petition, in which only damages for past medical attention was claimed. That an instruction should be based on the evidence, is elementary. 2 Encyc. Pleading and Practice, p 128; Blashfield on Instructions, sec. 86; Och v. Railroad, 130 Mo. 27; State v. Tull, 119 Mo. 422. Special damages not claimed in the petition can not be recovered. Sedgwick on Damages (4 Ed.), p. 124. It was shown on cross-examination that but $104.50 of the doctor's bill accrued before the bringing of the suit. The court in its instruction tells the jury they are to assess damages for medical attendance at not more than one hundred and fifty dollars. It does not contain one word about limiting this item of damages to the time of the filing of the petition.

*Seneca N. & S. C. Taylor* for respondent.

(1) For injuries to a married woman, the husband can recover for all expenses incurred; and for loss of her services, and for his services in waiting upon her during her illness. Smith v. St. Joseph, 55 Mo. 456; Blair v. Railroad, 89 Mo. 334; Plummer v. City of Milan, 70 Mo. App. 602. (2) Recovery by husband for loss of services of wife may in-

clude such loss beyond the trial where the evidence shows such injury as will impair her future services. Lamoine v. Cook, 36 Mo. App. 193; Buck v. Railroad, 46 Mo. App. 568; Clark v. Hill, 69 Mo. App. 547; Plummer v. City of Milan, supra; Russell v. Town of Columbia, 74 Mo. 488; Plummer v. Trost, 81 Mo. 415; Blair v. Railroad, 89 Mo. 339; Rosenzkrans v. Railroad, 108 Mo. 9. The above shows plaintiff's instruction as to measure of damages correct as a proposition of law. (3), The instruction given on the measure of damages is technically correct. It directed the jury that if they found for plaintiff they could not allow, as to any item, more than was claimed in the petition for such item. Buck v. Railroad, supra; Clark v. Hill, supra; Blackwell v. Hill, 76 Mo. App. 46; Rosenzkrans v. Railroad, supra; Chartrand v. Railroad, 57 Mo. App. 425. (4) No objections were made to the testimony of Dr. Arthur as to the extent of his bill for services, nor that $25.50 thereof was for services rendered after this suit was begun. The court's attention was not called to the fact that the petition by express averment did not claim the right to recover for medical attendance after the suit was filed. If the court's attention had been called to this, plaintiff would have been allowed an immediate amendment without costs. The matter does not constitute a variance nor go to the merits. Secs. 655, 656, R. S. 1899. (5) Defendant's criticism of the instruction on the measure of damages is untenable: first, because the instruction is technically correct; second, because if it were not, the fault did not affect the merits of the case; and third, because it is only where an instruction is manifestly prejudicial to the defeated party's case on the merits that a judgment will be reversed for that reason. Chartrand v. Railroad, 57 Mo. App. 428; Griveaud v. Railroad, 33 Mo. App. 458. It is the settled doctrine in Missouri that when from the whole case it appears that justice has been done, though errors were committed which did not materially affect the mer-

its, the court will not disturb the verdict.   Smith v. Culligan, 74 Mo. 385; Drey v. Railroad, 86 Mo. 582; Fitzgerald v. Marken, 96 Mo. 661; Nash v. Kansas City 101 Mo. 534; Fortune v. Fife, 113 Mo. 538; Nelson v. Golden, 27 Mo. App. 159; Bowerman v. Railroad, 41 Mo. App. 358; Davis v. Railroad, 46 Mo. App. 180; R. S. 1899, sec. 865.

FOX, J.—This cause was transferred to Court in Banc from Division One of this court.

The opinion in Division One, by the esteemed and learned judge, fairly and accurately states the facts in the cause, as well as the legal questions involved in it, and with his permission I adopt the statement of the case, as made in that opinion, which is as follows:

"The petition states in substance that plaintiff's wife was a passenger on one of defendant's street cars; that the car stopped to allow her to alight and while she was in the act of doing so, but before she had time to alight, the servants of defendant negligently caused the car to start forward, which act threw her to the pavement and inflicted serious personal injuries to her. The damages sought to be recovered are thus stated in the petition: 'That by reason of said injuries plaintiff was compelled to incur an expense of $150 for medical attendance and to lay out for medicines and appliances the sum of $50, and to furnish a nurse, and himself nurse his said wife for a period of three months or more which was reasonably worth at least $300, and that the loss of her services, past and prospective, in addition to the foregoing items, injured plaintiff at least $2,000.' The answer was a general denial and a plea that the plaintiff's wife was injured through her own negligence in attempting to alight from the car while it was in motion.

"The evidence for the plaintiff tended to prove that the accident occurred in the manner stated in the petition, and that for the defendant tended to prove that it

occurred in the manner stated in the answer.    The plaintiff's testimony as to the extent of his damages was as follows:    He had incurred a bill to his physician to the amount of $156.50, but no part of it had been paid at the date of the trial; of this bill, however, part had been incurred since the suit was begun; before the suit was begun the doctor had paid thirty-five or forty visits in all to the plaintiff's wife; for the first visit he charged $26.50, and for each of the other visits he charged $2. Plaintiff was questioned by his counsel to state what he had paid out for 'medicines, stimulants and appliances,' and he answered $20 to $25.    He testified that one nurse whom the doctor engaged was there about nineteen or twenty days and he owed her $2 a day for that service; and another nurse was there five weeks, for which she charged one dollar a day  and he had paid her on account $15; another was there two weeks, and her bill was $8 which he had paid.    Those were all the bills he had incurred for medical attendance, medicines and appliances and nursing.

"The court gave an instruction directing the jury to return a verdict for the plaintiff if they should find from the evidence certain facts, and it also gave instructions directing a verdict for defendant under certain findings.    No question is now raised as to those instructions.    But the court gave the following instruction on the measure of damages of which the defendant does complain: 'The court instructs the jury that if they find for plaintiff they will assess his damages at such sum as they believe, from the evidence, will be a fair compensation to plaintiff for any expense he has incurred as doctor's bills on account of the injuries to his wife, not exceeding $150; and, also, for such expense, if any, as he incurred for medicines and appliances, made necessary by said injuries, not exceeding $50; and, also, for any expense which he incurred for hired nurses, if any, not exceeding in all $300; and, also, for such loss of service of his

said wife, if any, as were occasioned by said injuries, and for future loss of service, if any, which the jury believe, from the evidence, will, in all reasonable probability, be occasioned to plaintiff on account of the injuries to his said wife, not exceeding $2,000.'

"There was a verdict for plaintiff for $600, in which nine of the jurors only concurred. The court rendered judgment accordingly, and the defendant appeals.

"When this appeal was taken, the constitutionality of the law authorizing three-fourths of the members of a jury to render a verdict in a civil suit had not been passed on by this court and the cause was brought here for a decision on that question, which was properly raised and which gave this court jurisdiction. But the constitutionality of that law has been settled by this court in another case since this appeal was taken and it is no longer a question. [Gabbert v. Railroad, 171 Mo. 84.]

"The only question in the case arises on the instruction relating to the measure of damages. We see that as to the items of expense for medical attendance, medicines and appliances and nurses, the instruction limits the jury only by the limits specified in the petition."

This clearly states the legal controversy in this case.

It is contended that the evidence in this cause shows that plaintiff was entitled to recover a much less sum than the limit as fixed by the court in the instruction complained of. It may be conceded that plaintiff, upon his own testimony, was entitled to recover only the sum of "$219. 50 for doctor's bill, for medicines and appliances and for amounts paid and incurred for the hire of nurses," and still we are of the opinion that there was no reversible error in the instruction given. The instruction, it is true, as to the items of damages enumerated, tells the jury that in their assessment of damages,

they must not exceed the amount claimed for all such items, five hundred dollars. It will be observed that the error complained of is predicated upon the terms of the instruction, ''not exceeding the amount claimed for those items,'' which amounts are set forth in the instruction.

In the consideration of the legal propositions arising upon this instruction, we must not overlook the entire terms of the declaration. The jury are plainly told ''that if they find for the plaintiff, they will assess his damages at such *sum as they believe from the evidence will be a fair compensation to plaintiff*,'' then follows, ''not exceeding the specified amounts.''

It must be remembered that this suit involved a claim for damages, for loss of services of the wife. This item of damage includes future loss of service, which might, in all reasonable probability, be occasioned to plaintiff, by reason of the injuries to his wife. The testimony of the attending physician was, that from his examination of the injuries received by Mrs. Tandy, they would, in his opinion, be permanent.

The presumption following the instruction given is, that the jury obeyed it, and estimated the damages from the evidence as they were instructed by the court, and this includes the negative presumption, to which the ordinarily intelligent jury is entitled, that they did not estimate the damages upon the bare statement of the court, ''not to exceed the sum'' as designated in the instruction.

It is incumbent upon the appellant, in all cases, to point out to the appellate court some error prejudicial to his rights in the trial of the cause. There is no such error indicated by the disclosures in this record. Before this cause should be reversed, appellant should show in some particular of what the error consisted. As before stated, the presumption is that the jury obeyed the instruction, and based their finding, as directed, upon the evidence in the cause, and it nowhere

appears in this record, nor is it contended in the briefs, that the verdict of the jury was the result of passion or prejudice.

It will not do to simply say that the jury may have been misled by the instruction; it should, at least, be indicated somewhere in the record that they did not obey the instruction and make the estimate of damages from the evidence introduced.

The record before us indicates clearly that the jury were not misled by this declaration on the measure of damages. It will be noted, that the instruction upon the items of damages, for loss of services of the wife, tells the jury that they must not exceed the amount of $2,000 as claimed in the petition. It is apparent that the jury did not regard the terms used by the court in the instruction (as to this item of damages) as a suggestion that they would be authorized to fix the damages at $2,000, nor were they misled, for their estimate of the damages was far below that amount. It may be said, that as to that item, there was no definite proof, nor was it susceptible of such proof; however, the misleading feature of the instruction is equally applicable to that item, for if the jury were misled and proceeded to assess the damages regardless of the proof, there is no reason for them to adopt the limit as expressed by the court as to certain items of damages, and reject it as to others. The verdict in the cause clearly shows that the jury were not misled by the instruction.

The verdict was for $600. This includes doctor's bills, nurse hire, etc., amounting, according to plaintiff's testimony, to $219.50. This would make the estimate on the item for loss of wife's services, $380.50. The testimony tended to show that she was confined to her bed for eight weeks, and that her injuries, in the opinion of the attending physician, were permanent. It certainly will not be contended that if the jury adopted that view of the testimony, their estimate was excessive.

There being no passion or prejudice indicated by

the verdict in this case, it is the duty of the appellate court to give to the jury the benefit of the legal presumption, that they acted in obedience to the directions of the court. This presumption can not be successfully rebutted by general surmises that the jury may not have predicated their verdict upon the testimony in the cause.

Entertaining the views as herein expressed, the judgment of the trial court is affirmed.

*Robinson, C. J., Brace, Marshall, Gantt* and *Burgess, JJ.,* concur; *Valliant, J.,* dissents.