THOMAS O'DONNELL, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

Springfield Court of Appeals, January 3, 1911.

1. **JURY: Service Within Twelve Months.** Section 6547, Revised Statutes 1899, is construed to mean that it is good grounds for challenging a juror only when he has served on any jury within twelve months from the date the juror began service as such on the regular panel.

2. **STREET RAILWAYS: Negligence: Duty of Motorman: City Ordinance: Instructions.** Where a city ordinance provides that the motorman or those in charge of a street car shall keep a vigilant lookout and on the first appearance of danger shall stop the car within the shortest time and space possible, and this ordinance is properly pleaded and introduced in evidence, it is proper by an instruction to define the degree of care required by the ordinance.

3. **APPELLATE PRACTICE: Instructions: Evidence.** It is indispensable that the appellate court should have the evidence before it on which an instruction was founded, so an objection to an instruction is held without avail where it appears that the instruction was based upon an ordinance which was properly pleaded and introduced in evidence, but the appellant failed to set up the evidence in its abstract.

4. **NEW TRIAL: Verdict Against Weight of Evidence.** Where one new trial has been granted because the verdict is against the weight of the evidence a second verdict cannot be set aside for the same reason.

5. **DAMAGES: Future Damages: Instructions: Personal Injuries.** In actions for damages for personal injuries where the petition alleges that certain itemized expenditures have been incurred and that the plaintiff's injuries are permanent, and that by reason thereof other expenses of the same character will be

incurred in the future, it is not necessary to limit by instruction the amount of recovery to the amount of the itemized expenditures.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*Boyle & Priest, T. M. Pierce, Paul U. Farley* for appellant.

(1) The court erred in overruling defendant's challenge for cause of jurors on their *voir dire* for the reason that they had served on a jury within twelve months next preceding the date of trial R. S. 1899, sec. 6547; Williamson v. Transit Co., 202 Mo. 365. (2) The verdict of the jury is against the evidence and physical facts and the result of passion and prejudice. Lehwick v. Railroad, 118 Mo. App. 611; Zalotuchin v. Railroad, 127 Mo. App. 577. (3) Plaintiff's instruction No. 14 is erroneous in that it fails to limit the amount of plaintiff's recovery for hospital fees and medical attention to the sum pleaded, to-wit: $169. Smoot v. Kansas City, 194 Mo. 522; Shinn v. Railroad, 125 S. W. 782; Radke v. Basket & Box Co., 129 S. W. 513.

*McShane & Goodwin* for respondent.

(1) The verdict in this cause cannot be challenged for the reason that it is against the weight of the evidence, because the record discloses that one new trial has been granted for that reason. R. S. 1909, sec. 2023; Vermillion v. Parsons, 98 Mo. App. 72; Nicol & Co. v. Hyre & Co., 58 Mo. App. 134; McFarland v. Association, 124 Mo. 204. (2) A general objection to the giving of an instruction saves no error. State v. Albright, 144 Mo. 638; Clarke v. Loan Co., 46 Mo. App. 248; Harrison v. Bartlett, 51 Mo. 170; Duvall v. Ellis, 13 Mo. 203;

Singer Mfg. Co. v. Stevens, 169 Mo. 1; Cornwell v. Transit Co., 106 Mo. App. 135; Hamilton v. Crowe, 175 Mo. 634; Bragg v. Railroad, 192 Mo. 331. (3) The duty imposed by the vigilant watch ordinance and also as defined in the plaintiff's instruction No. 1 requires no more than reasonable care under the circumstances, and where the court defines the duty of defendant in the language of the ordinance it is not error. Sluder v. Transit Co., 189 Mo. 107; Daschner v. Railroad, 200 Mo. 310. (4) Instruction No. 14, given for plaintiff, is general in its scope and if it was likely to be misunderstood by the jury, it was the duty of appellant to have asked a modification, embodying its views. It does not amount to a misdirection. Browning v. Railroad, 124 Mo. 55; Wheeler v. Bowles, 163 Mo. 398; Geisman v. Electric Co., 173 Mo. 654; Lindsay v. Kansas City, 195 Mo. 166.

STATEMENT.—This action was instituted by Thomas O'Donnell against the United Railways Company of St. Louis in the circuit court of the city of St. Louis on May 15, 1908, and was an action for damages for personal injuries. Two trials *nisi* have been had. At the first trial, the plaintiff obtained a verdict for six hundred dollars, which, on motion of the defendant, was set aside as against the weight of the evidence and a new trial granted. The plaintiff obtained judgment on the second trial for fifteen hundred dollars from which the defendant appealed to the St. Louis Court of Appeals. The cause was thereupon transferred to this court and the appellant filed its abstract and briefs in this court as did the respondent, and before the argument, the parties by their respective attorneys expressly waived the question of this court's jurisdiction to hear and determine the cause.

The amended petition alleges that on or about the 11th day of June, 1907, plaintiff was driving a mule and wagon eastward on Olive street, in the city of St.

Louis, in and near No. 4002 on said street; that directly in front of him was an east-bound car of the defendant; that said car stopped and plaintiff had to drive out from behind said car to the north, the south side of said street being blockaded; that in so doing he was driving in and over the west-bound track of the defendant and was in such a position that he could not turn to the right on account of another car of the defendant standing on the south and east-bound track of the defendant, nor could he turn to the left on account of a rapidly approaching automobile coming in the opposite direction on the north side of said street; that defendant with a full and open view of the position and condition of plaintiff as aforesaid, negligently and carelessly ran one of its west-bound cars into and collided with the mule and wagon which plaintiff was driving, and threw plaintiff from the wagon with great force and violence injuring him in the manner hereafter set out. As a specific charge of negligence, the plaintiff in his petition then pleaded the violation of the vigilant watch ordinance of the city of St. Louis. It is then alleged that by reason of the acts of negligence of the defendant, the plaintiff received certain enumerated injuries about his face and head causing him to suffer great pain in body and mind; that by reason thereof plaintiff became afflicted with fainting spells, weakness and dizziness, which would be permanent; that on account of said injuries he had been and would be for some time unable to follow his regular occupation of teamster and driver, and that throughout life he would be incapacitated in the following of his regular occupation or the doing of any kind of work. The amended petition then concludes as follows: "That on account of said injuries he has incurred great expense for hospital fees and medical attention, to-wit, the sum of $169, and for a long time to come he will incur expense for medical attention. Wherefore, on account of the dam-

ages aforesaid, plaintiff prays judgment against the defendant in the sum of $4500 and his costs herein."

For its answer, the defendant pleaded a general denial and a plea that "whatever injuries, if any, plaintiff sustained were caused by his own carelessness and negligence in driving in front of and in close proximity to an approaching car."

The reply was a general denial.

During the examination of the jury on their *voir dire,* several of the jurors stated that they had served on a jury in the same court on the Monday next previous, whereupon defendant challenged each of said jurors on the ground that he had served on a jury within in the past twelve months. The challenge was overruled and defendant excepted.

The plaintiff testified, in substance, as follows: He was driving a one-horse (mule) wagon east on Olive street in the south or east-bound track behind an east-bound car. This car came to a stop at about 4000 Olive street and he waited behind it a few minutes, then leaned out of the wagon and looked down the west-bound track. Seeing no car nearer than Vandeventer avenue, he turned into the west-bound track, and drove east thirty or forty feet in the west-bound track until he was about even with the front of the east-bound car. Two automobiles prevented him from turning into the street north of the car tracks, and before he had an opportunity to turn to the south in front of the east-bound car his mule was struck by a west-bound car. He stated that he had always been a teamster; that he didn't drink at the time and never had. At the time of the trial he was forty-three years of age. On cross-examination, he stated that before he could drive thirty-five or forty feet around the east-bound car the west-bound car ran eight hundred feet and struck him. The west-bound car was running about twenty miles an hour.

J. T. Thacker, on behalf of plaintiff testified, in substance, that at the time of the accident he was employed by the United Railways Company and was operating the car which struck plaintiff's mule. At the time of the trial, he was employed by the Pullman Car Company. He was operating the street car at about eight or ten miles an hour before striking the mule. He could not state the exact number of feet the car could have been stopped in, but knew that it could have been stopped within a block. Upon cross-examination, he testified that the mule was about fifteen feet from him when he first saw it, and was just coming from behind the east-bound car. Only the head of the mule was over the west-bound track, and when it was struck it fell back on the east-bound track.

The two instructions which were given at plaintiff's request are the only ones of which appellant complains and they are copied in the opinion.

NIXON, P. J. (after stating the facts as above).— I. The first assignment of error made by the appellant is that the court erred in overruling appellant's challenges for cause of jurors on their *roir dire* for the reason that they had served on a jury within twelve months next preceding the date of the trial. The question involved in this assignment of error has received an authoritative determination by this court in the recent case of Paula F. Blyston-Spencer, respondent, v. United Railways Company of St. Louis, appellant, decided at this term. On the review of the authorities and the statutes, we held that the words of section 6547, Revised Statutes 1899: "And it shall be the duty of every court of record in said city to excuse from service as a juror every person who, being examined on the *voir dire,* shall appear to the court to be a person whose name ought not to have been placed upon the jury list under the provisions of this article, or who has served on any jury in any court in this state within *twelve*

*months next preceding,* if challenged for that cause, by either party of the suit; and the court may excuse such person without challenge by either party"—means within twelve months from the date the juror began service as a juror on the regular panel and not twelve months next preceding the date of the trial. Reference is therefore made to the opinion in that case for authorities and reasons on which the conclusion is based.

II. Appellant contends that instruction No. 1 is erroneous in that it fails to define the degree of care required of the appellant's employees in handling the cars under the circumstances. This instruction is as follows:

"If the jury find and believe from the evidence that on June 11, 1907, plaintiff was driving a mule and wagon eastward on the south track of defendant's railroad on Olive street and had approached a point known as 4002 Olive street; that directly in front of said mule and wagon there was an east-bound car of the defendant on said track that had stopped; and if you believe and find from the evidence that plaintiff drove around said east-bound car and upon the west-bound track of defendant; and if you believe and find from the evidence that at said time there was a west-bound car on the north track of defendant approaching in an opposite direction which at said time was about a block distant from said mule and wagon; and if you believe and find from the evidence that after plaintiff drove said mule and wagon on said north track (if you find from the evidence he did so) he continued to drive eastwardly on and over said north track; and if you believe and find from the evidence that defendant's employees in charge of and operating said west-bound car, either saw, or by keeping a vigilant watch for vehicles moving upon said track upon which said west-bound car was running, could have seen said mule and wagon moving toward said west-bound car, and that after seeing said

mule and wagon moving toward said west-bound car, or, after said employees in charge of and operating said west-bound car could have seen, by keeping a vigilant watch as mentioned above, *defendant's employees or either of them, could, by stopping said car within the shortest time and space possible under the circumstances, have averted said collision and injury, mentioned in* the evidence, and neglected to do so (if you find they did neglect so to do) and if you find and believe from the evidence that said plaintiff exercised ordinary care and prudence in turning said mule and wagon from said south track of defendant to and upon said north track and in driving on said north track, then your verdict should be for the plaintiff."

The particular wording of the instruction to which objection is made is as follows: "Defendant's employees or either of them, could, by stopping said car within the shortest time and space possible under the circumstances, have averted the collision and injury."

It is claimed that this instruction fails to define to the jury the degree of care inposed on the motorman. The plaintiff's amended petition, on which the case was tried, charged as a ground of negligence that there was in force in the city of St. Louis at the time of the accident an ordinance known as section 1864 (Woerner's Code, 1907) which imposed on the conductor, motorman or other person in charge of each car the duty to keep a vigilant watch for all vehicles, either on the track or moving toward it, and, on the first appearance of danger to such vehicle, to stop the car within the shortest time and space possible. The abstract reveals that the plaintiff, at the trial, without objection, read this city ordinance, but the appellant has wholly failed to set out the ordinance in the abstract. In other words, the amended petition charged a certain duty on the part of the defendant and evidence was offered tending to prove such a duty, but such evidence is not produced in this record. All we have before us

is the amended petition and the instruction. The only question left for us to determine in this connection, therefore, is whether the instruction is consistent with the amended petition and no question of that kind is raised by appellant. It is indispensable, before an appellate court can proceed to consider and pass upon the alleged errors of a trial court in giving instructions, that the appellate court should have the evidence before it on which the instruction was founded; this is so elementary as to be axiomatic and requires at our hands no citation of authorities. To the burden of perplexities now laid upon judges to conjecture what the law is should not be added the "stunt" of conjecturing what the facts of a case are.

III. It is further claimed that the verdict is against the evidence and the physical facts and the result of passion and prejudice. The abstract of the record shows that the verdict and judgment forming the basis of this appeal are the result of a second trial. On the first trial of the cause, which was had before the same judge and in the same court, the result was a verdict in plaintiff's favor for six hundred dollars. That verdict, on defendant's motion, was set aside as against the weight of the evidence and a new trial was had in which plaintiff obtained judgment for fifteen hundred dollars. Where one new trial has been granted because the verdict is against the weight of the evidence a second verdict cannot be set aside for that reason. In the case of McFarland v. Accident Ass'n, 124 Mo. 204-222, 27 S. W. 436, the Supreme Court said: "We are asked to reverse the judgment on the ground that the verdict was against the weight of the evidence on the question of giving notice. . . . It must be admitted that the evidence in support of each of these issues was very unsatisfactory, but it cannot be said that there was no substantial evidence at all in proof of these facts. . . . Besides, it appears that one

verdict was set aside by the court for this reason and its power to grant a new trial upon the same ground was thereby, under the express provision of the statute, exhausted, and its refusal to do so is not reviewable by this court." [Sec. 2023, R. S. 1909; Vermillion v. Parsons, 98 Mo. App. 72, 71 S. W. 1092; Nicol & Co. v. Hyre & Co., 58 Mo. App. 134.] We have examined the further contentions that the verdict was against the physical facts and the result of passion and prejudice but find that the trial court committed no error in overruling appellant's motion for a new trial.

IV. It is further assigned as error that plaintiff's instruction No. 14 is erroneous in that it fails to limit the amount of plaintiff's recovery for hospital fees and medical attention to the sum pleaded, to-wit, $169.

The amended petition, after setting up in extenso and with particularity the nature of the mental and physical injuries suffered by the plaintiff by reason of the defendant's negligence, further alleged that he is and will be permanently afflicted and throughout life be incapacitated in the following of his regular occupation or doing any kind of work, and proceeds as follows: "That on account of said injuries he has incurred great expense for hospital fees and medical attention to-wit, the sum of $169, *and for a long time to come he will incur expense for medical attention.* Wherefore, on account of the damages aforesaid plaintiff prays judgment against defendant in the sum of $4500 and his costs herein."

It will be observed that appellant's specific objection to this petition proceeds upon a misunderstanding of its language in this, that the petition does not claim that the sum of $169, expended for hospital fees and medical attention, was the entire amount of damages he sustained, but further alleges that for a long time to come he would incur expenses for medical attention.

The instruction complained of is as follows:

"14. If you find for the plaintiff, in estimating and determining the measure of his damages you should take into consideration in connection with all the facts and circumstances in evidence, the bodily pain and mental anguish, if any, endured by him, and directly resulting from the injuries received, if any, and whether they are permanent in their nature; the extent, if any, to which he has been prevented and disabled by reason of such injuries from working and earning a livelihood; his reasonable and necessary expenses in endeavoring to be cured, if any, and you will find for him in such a sum as in your judgment under all the evidence in the case, will compensate him for such injuries and damages before mentioned as you find from the evidence plaintiff sustained, not exceeding, however, the sum of $4500."

The particular portion of this instruction to which appellant's objection goes is the following: "His reasonable and necessary expenses in endeavoring to be cured, if any, and you will find for him in such a sum as in your judgment under all the evidence in the case, will compensate him for such injuries and damages before mentioned as you find from the evidence plaintiff sustained, not exceeding, however, the sum of $4500."

In the recent opinion by GRAVES, J., in the case of Radtke v. St. Louis Basket & Box Co., 129 S. W. 508, the question presented in this case was under consideration. The court in the Radtke case said: "The petition avers that plaintiff had incurred an expense of twenty-one dollars for medical attendance, and the instruction authorizes a recovery for medical services without limiting the recovery to the amount claimed, or to the reasonable value of such services. In this there was error. [Smoot v. Kansas City, 194 Mo. l. c. 522, 92 S. W. 363; Tinkle v. Railroad, 212 Mo. l. c. 471, 110 S. W. 1086; Heinz v. Rys. Co. (App.), 122 S. W. l. c. 346]. In the Tinkle case, supra, this court said: 'Instruction No. 9 the court told the jury that

the plaintiff was entitled to recover for medical services without limiting the same to the amount claimed in the petition for such services. Upon retrial this should be corrected.' In Smoot's case, the instruction as to medical services directed the jury to allow plaintiff 'such an amount not to exceed $350 for said items as would be reasonable compensation for said services, if any.' Of that instruction we then said: 'This instruction is manifestly erroneous in this: that it authorizes a recovery for doctor's and surgeon's hire in any sum not exceeding $350 when in the petition upon which this cause is tried it was alleged that the damages for those items were only the sum of $200.' The petition charged that his loss of earnings before the trial were nine dollars per week. Not only so, but that was the measure fixed for future loss of time, for the petition reads: 'And will continue to lose said sum in the future for an indefinite period.'. The instruction permits recovery for 'loss of time' without any limitation whatever. The petition not only fixes the amount of lost earnings suffered, but limits the loss of earnings in the future. It covers both those earnings suffered and to be suffered. It fixes the value of all such earnings at nine dollars per week. It is true that the petition avers that the plaintiff's earning capacity 'is greatly impaired and perhaps entirely gone,' but that does not change the fact that the value of the earnings was fixed by the petition. Defendant had relied upon the admission of plaintiff that his loss in this respect had been and would be only nine dollars per week, and it was the duty of the court to so limit the right of recovery in this regard. The instruction was erroneous upon this question. [Smoot v. Kansas City, supra; Heinz v. Rys. Co., supra.]" . . . "So, too, in the Heinz case, supra, Judge GOODE, after overruling all other contentions of defendant, reversed and remanded a judgment for plaintiff upon the instruction as to the measure of damages." In so doing, he said: "The only other exception which

need be noticed is the instruction on the measure of damages. It should be stated, by way of premise, the petition alleged plaintiff lost two weeks' time and his earning of $2.50 a day during that period; that his injuries were treated by a physician, and, on account of the services of the latter, plaintiff had become indebted to him for the reasonable value of the treatment, to-wit, fifty dollars. The instruction on the measure of damages told the jury to assess damages for any loss of earnings the jury might believe had been occasioned by the injuries and the reasonable expense, if any, he had incurred for medical treatment. The exception to the instruction is based on failure to limit recovery for loss of earnings and medical services corresponding to the damages charged in the petition to have been sustained in consequence of those items. We do not see how in the face of the decisions of the Supreme Court in Smoot v. Kansas City, 194 Mo. 513, 522, 92 S. W. 363, and Tinkle v. Railroad, 212 Mo. 445, 471, 110 S. W. 1086, a reversal of the judgment on account of the instruction on the measure of damages can be escaped. In the first of those cases, the Supreme Court condemned as erroneous an instruction which did not limit plaintiff's amount of recovery for loss of time to the amount claimed in his petition, and in the second case it was said a similar instruction ought to be corrected on the second trial." After thus reviewing the decisions, Judge GRAVES proceeds to distinguish the Radtke case, saying: "We, too, are cited to the Lindsay and other cases, but, like Judge GOODE, we conclude that they are not in point here." Judge GOODE, in the Heinz case, in holding that the Lindsay case and the Tandy case (178 Mo. 240, 77 S. W. 994) were not in point, said: "In those cases there was testimony tending to prove that injured party would sustain *loss of time in the future*—that is, after the filing of the petition and even after trial—and for this reason it was held that instructions on the measure of damages, which did not limit

recovery to the loss of time alleged in the petition were not erroneous since that allegation covered only time lost up to the day the petition was filed."

In the late case of Shinn v. Rys. Co., 125 S. W. 782, this question was also under consideration. The petition in that case particularly specified that the plaintiff had been by reason of his injuries disabled from laboring at his avocation as "a bartender for a period of two months, and thus incurred a loss of time from his means of livelihood and consequent wages amounting to $156." The court said: "It alleges too that he incurred and paid medical expenses amounting to thirty dollars; that his suit of clothes and hat, of the reasonable value of forty dollars were destroyed as a result of being thrown upon the ground and dragged upon the street. The petition concludes with a general prayer for damages to the amount of five hundred dollars. The evidence tended to prove the various items of damage specified. The instruction on the measure of damages given by the court at the plaintiff's instance and request incorporates and authorizes the jury to award damages to the plaintiff in event they found the issue for him on each and all of the elements of damages specified in the petition and above referred to, but wholly fails to direct the jury that they should limit the amount of recovery on each element of damages specified to the amount sued for in the petition." For that error, the judgment was reversed and the cause remanded.

It may be further noted that in the Heinz case this language appears: "But in the present case whatever time plaintiff lost and whatever expense he was put to for treatment by a physician had all been lost and incurred prior to the filing of the suit. He testified he had lost two weeks' time from work as alleged in the petition, and had incurred a doctor's bill of fifty dollars. There was no chance then for other changes to accrue on account of those items continuing to entail damage after the case had been begun."

In the case of Paula F. Blyston-Spencer, respondent, v. United Railways Company of St. Louis, appellant, this court during this term had occasion to review the question now under consideration. The petition in that case alleged the nature of the damages as follows: "That she has been caused to incur and pay hospital bills in the sum of $71.70; to incur and pay nurse hire in the sum of $39.40; to pay out for ambulance hire, $10; has been caused to incur additional expenses in nurse hire in the sum of $80; has been caused to incur doctors' and physicians' bills and medicine bills in the sum of, to-wit, $230; has been caused to incur doctors' and oculists' bills and for glasses on account of injuries to her eyes in the sum of $35; and her underwear, Eton suit and hat were damaged in the sum of $65." The instruction failed to limit the amount of plaintiff's recovery to the damages already incurred which she had specifically set out in her petition, and we held that it was material error and reversed the judgment and remanded the cause on that account.

In the case of Homan v. Souther Iron Company, to be decided at the same time we deliver the opinion in this case, the plaintiff alleged in the petition that he had sustained permanent injuries by reason of loss of his finger tips together with great pain of body and anguish of mind, and that "he had lost a large sum in wages as the direct result of his injuries as aforesaid and has been put to great expense for medical attention, and that he is permanently injured." The instruction authorized the jury in estimating the damages to consider the plaintiff's "physical condition before and since receiving the injuries for which he sues, as shown by the evidence, the physical pain and mental anguish, if any, suffered by him on account of his injuries at the time of and since said injuries, as shown by the evidence, *his loss of time and damages, if any, as you may, from the evidence, find it reasonably certain he will suffer in the future therefrom,* and you will find a verdict

for such sum as in your judgment will, under the evidence, reasonably compensate him for such injuries, not to exceed the sum of $4000." The appellant's contention that this instruction was erroneous was overruled for the reasons stated in the case of Curtis v. McNair, 173 Mo. l. c. 290, 73 S. W. 167, in which the court, in commenting on an identical instruction observed: "The objections offered to this instruction are two, viz: that 'it entitled plaintiff to recover damages for his loss of time in the future' and that it authorized a recovery for 'sums that he expended for medical treatment.' These objections are founded on the idea that no claim is made in the petition for such items of damage. We do not understand the instruction to call for an estimate of loss of time in the future, but for damages which the jury may find that it is reasonably certain the plaintiff will suffer in the future. There is a statement in the petition that the plaintiff is permanently injured and there was evidence tending to sustain that statement."

Under the authorities cited, in actions for damages for personal injuries, when the petition alleges that certain itemized expenditures have been incurred and that the plaintiff's injuries are permanent and that by reason thereof other expenses of the same character will be incurred in the future, the reasonable rule would seem to be that it is not necessary to limit by instruction the amount of recovery to the amount of the itemized expenditures.

Finding no material error in this record, the judgment is affirmed. All concur.